## JETER v. JETER.    (No. 9562.)

(Court of Civil Appeals of Texas. Dallas. March 6, 1926.)

1. **Time** ⟐⟐6 — **Publication of divorce citation for 4 weeks, with less than 28 days between first publication and return date, does not give jurisdiction (Rev. St. 1925, art. 2039 [1874], [1235], [1235]).**

Publication of divorce citation once each week for 4 consecutive weeks, where less than 28 days intervene between first publication and return date, does not confer jurisdiction under Rev. St. 1925, art. 2039 (1874), (1235), (1235).

2. **Divorce** ⟐⟐160—**Failure to appoint attorney to defend nonappearing defendant in divorce suit, where service was secured by publication, and to file statement of evidence, held reversible error (Rev. St. 1925, art. 2158 [1941], [1346], [1212–1345]).**

Failure of trial court to appoint attorney to defend nonappearing defendant in divorce suit, where service was secured by publication, and to approve, sign, and file statement of the evidence, was reversible error, under Rev. St. 1925, art. 2158 (1941), (1346), (1212–1345).

3. **Divorce** ⟐⟐249(6).

In a divorce suit, court in its discretion may award use of husband's interest in homestead to wife under Rev. St. 1925, art. 4638 (4634), (2980), (2864).

4. **Divorce** ⟐⟐197.

In divorce suit, court may allow reasonable attorney's fees incurred in prosecution of a bona fide suit on justifiable grounds, where wife has no separate property.

5. **Divorce** ⟐⟐198—**Attorney's fees in divorce suit may not be taxed as court costs, and must be based on proper allegation and proof, though proceeding for recovery may be separately prosecuted.**

Proceeding for recovery of attorney's fees may be separately prosecuted from divorce suit, but such fees may not be taxed as court costs, and cannot be considered alimony, and must be based on proper allegations and proof.

6. **Homestead** ⟐⟐18—**After divorce, husband is still head of family as respects homestead, which may not be subjected to payment of court costs and attorney's fees in divorce suit (Const. art. 16, § 50).**

After divorce, husband still remains head of family, though wife is given custody of children, so that husband's interest in homestead may not be subjected to payment of court costs and attorney's fees in divorce suit, in view of Const. art. 16, § 50.

Error from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit for divorce by Mrs. Ollie Jeter against George F. Jeter. Decree for plaintiff, and defendant brings error. Reversed and remanded.

Wynne & Wynne, of Wills Point, for plaintiff in error.

---

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LOONEY, J. This suit was instituted by Mrs. Ollie Jeter against her husband, Geo. F. Jeter, for divorce, the custody of their three minor children, and for division of property, including their community homestead, consisting of 114 acres of land situated in Van Zandt county.

The defendant was cited by publication, returnable September 1, 1924. The defendant failed to enter appearance or file answer, and, on October 7, 1924, the cause was tried and judgment rendered, granting plaintiff a divorce, awarding her the custody of the children, and, among other things, decreeing to each of the parties an undivided one-half interest in the homestead tract of 114 acres, but giving plaintiff the possession and use of the entire 114 acres, together with its rents, revenues, and benefits, until their youngest child, a girl, should attain legal age or marry.

It was further adjudged that the plaintiff should recover of the defendant all costs of suit including an attorney's fee of $100 which the court allowed R. M. Lively, attorney for plaintiff to be taxed as a part of the costs of the case, which were, adopting the language of the decree, "adjudged to be a preference lien on defendant's (G. F. Jeter's) undivided one-half interest in the 114 acres of land disposed of by this judgment, and the plaintiff, Mrs. Ollie Jeter, and the officers of this court are hereby awarded their writ of execution, and their order of sale against G. F. Jeter, the defendant, for the collection of said costs, including attorney's fees, for which purpose let the proper writ issue."

The case is before us on writ of error sued out by G. F. Jeter, the defendant below.

[1] 1. The first proposition urged by plaintiff in error is that the judgment of the district court is void, for the reason that service of citation by publication had not been perfected at the time of trial and rendition of the judgment, in that it had not been published for the length of time required by the statute.

The record shows that citation was published once each week for 4 consecutive weeks prior to the return day; the publications were made on August 8, 15, 22, and 29, 1924, but it appears that less than 28 days intervened between the date of the first publication and the return day.

The statute (article 2039 [1874], [1235], [1235], Rev. St. 1925) requires citation by publication to be published "once in each week for four consecutive weeks previous to the return day." The courts have uniformly construed this statute to require, not only that the citation shall be published once in each week for 4 consecutive weeks previous to the return day, but that 28 days shall intervene between the date of the first publication and the return day. Stephenson v. Railway Co., 42 Tex. 169; Simpson v. Mitchell, 47 Tex.

572; Davis v. Robinson, 7 S. W. 749, 70 Tex. 397.

At the time of trial and rendition of judgment the case stood as though no service whatever had been obtained. It follows, therefore, that the court was without jurisdiction to render judgment. Mitchell v. Reitz (Tex. Civ. App.) 269 S. W. 279, 280, 281.

[2] 2. The second proposition urged by plaintiff in error is based on the failure of the trial court to appoint an attorney to defend the suit in his behalf, and to approve, sign, and file with the papers as a part of the record a statement of the evidence adduced on the trial.

Article 2158 (1941), (1346), (1212–1345), Rev. St. 1925, provides that, where service has been obtained by publication, and no answer is filed, and no appearance entered by the defendant within the time prescribed by law, the court shall appoint an attorney to defend the suit in behalf of defendant, and that a statement of the evidence adduced on the trial shall be approved and signed by the judge and filed with the papers as a part of the record of the case.

The evident purpose of this statute was to afford some measure of protection to an absent defendant upon whom, at most, only constructive service has been obtained, but who in fact may not obtain actual notice of the pendency of the suit until too late to appear and answer. If an attorney is appointed in his behalf, as the statute requires, the plaintiff will doubtless be put upon proof, which reasonably insures a full development of the case, and, if a statement of the evidence is approved and filed, it may be made available by the defendant on appeal if he moves in time. The statute is mandatory, and a failure of the court to comply with its provisions is reversible error. Byrnes v. Sampson, 11 S. W. 1073, 74 Tex. 79, 85; McLane v. Kirby, 116 S. W. 118, 120, 54 Tex. Civ. App. 113.

[3, 4] 3. By proper assignment and proposition plaintiff in error complains of the action of the court in adjudging the costs of the case, including a fee of $100 allowed Mr. Lively, attorney for defendant in error, to be a preference lien on his undivided half interest in the homestead tract of 114 acres and authorizing its sale for the satisfaction of that portion of the judgment.

In a proper case the court, in the exercise of its equity powers, having due regard for the rights of each party and their children, may award the use of the husband's interest in the homestead to the wife (article 4628 [4634], [2980], [2864], Rev. St. 1925; Kirkwood v. Domnau, 16 S. W. 428, 80 Tex. 645, 26 Am. St. Rep. 770; Bemus v. Bemus, 133 S. W. 503, 505, 63 Tex. Civ. App. 148; Wade v. Wade [Tex. Civ. App.] 180 S. W. 643), and may allow such reasonable attorney's fees as may be incurred by her in the prosecution of

a bona fide suit for divorce based on justifiable grounds, where she has no separate property with which to pay the fee. Ceccato v. Deutschman, 47 S. W. 739, 19 Tex. Civ. App. 434. We express no opinion, however, as to these issues, nor do we intimate the disposition the court should make of same on another trial.

[5] There is no law of this state that permits attorney's fees in a case of this kind to be taxed as court costs, nor can they be considered as alimony; hence 'a proceeding for their recovery, while it may be included in the divorce suit, is not a matter ancillary thereto, but may be separately and independently prosecuted, but, however prosecuted, any award that may be made must be based on proper allegations and proof. Ceccato v. Deutschman, supra.

[6] The attempt to subject to the payment of court costs and the attorney's fee the interest of plaintiff in error in his homestead was altogether unauthorized. The homestead character of the land was not destroyed by the decree of divorce. Mr. Jeter, notwithstanding the custody of the children had been awarded to their mother, remained the head of a family; his parental interest in the welfare of his children subsisted; and both a legal and moral obligation rested upon him for their proper care and support.

As his homestead interest in the land was not subject to the payment of these debts, the court erred in entering a decree to that effect. (Const. art. 16, § 50; Speer v. Sykes, 119 S. W. 86, 102 Tex. 451, 132 Am. St. Rep. 896; Shook v. Shook (Tex. Civ. App.) 145 S. W. 682, 684, 685.

Because of the errors herein pointed out, the case will be reversed and remanded for further proceedings.

Reversed and remanded.