Richard ALBIN, Appellant,

v.

TYLER PRODUCTION CREDIT ASSOCIATION, Appellee.

No. 1428.

Court of Civil Appeals of Texas, Tyler.

May 21, 1981.

Charles H. Smith, Strasburger & Price, Dallas, for appellant.

Jerry L. Atherton, Potter, Guinn, Minton, Roberts & Ireland, Tyler, for appellee.

McKAY, Justice.

This is an appeal from a default judgment based upon citation by publication in a suit on a promissory note.

Tyler Production Credit Association, plaintiff, filed suit against defendants, Richard Albin and wife, Donna Albin, on June 13, 1978, on a promissory note of the face amount of $44,740.71, alleging that the present principal balance was $29,305.44, plus interest and attorneys' fees. It was also alleged by plaintiff that defendant Richard Albin (Albin) was a partner with Jerry McLemore, who alone signed the note, and that Albin's wife had given Albin power of attorney to borrow money from plaintiff.

Citation upon and for Albin and wife was made by publication for four weeks in June and July, 1978. There being no answer filed, the trial court rendered default judgment on August 8, 1978, against the Albins for $26,389.46 principal, plus interest of $3,306.54 and attorney's fees of $5,917.30, the total being $35,613.30.

Motion for new trial was filed by Albin on April 3, 1980, alleging that failure to appear and answer was not the result of intentional or conscious indifference but from the failure of plaintiff to use due diligence in serving him personally with process. The motion further alleges no attorney was appointed to defend the suit for the Albins and no statement of the evidence was approved and signed by the trial judge and filed with the papers as required by law. Albin further pled that he had a meritorious defense in that he did not sign or authorize another to sign for him the note in question and that the partnership between him and McLemore had been dissolved approximately two years prior to the execution of the note. Additionally Albin pled that recovery by plaintiff in the instant case would result in double recovery for plaintiff because the same amount had been awarded plaintiff in another suit.

On May 12, 1980, the trial court had a hearing on Albin's motion for new trial, heard testimony and other evidence, signed an order setting aside the default judgment and an abstract of judgment, and granted Albin a new trial. On the following day, May 13, 1980, the trial court signed an order entitled "Stay and Setting Aside Order Granting New Trial," reciting that the court order of May 12, 1980, was void because the court was without jurisdiction to set aside or modify its judgment of August 8, 1978, or to set aside, vacate or modify the abstract of judgment because such action was not within authority granted by Tex.R. Civ.P. 329.

On May 23, 1980, Albin filed his cost bond on appeal together with his notice of appeal. On May 30, 1980, plaintiff filed a motion requesting the trial court to set a

date for hearing same, and to grant Albin's motion for new trial.

The district clerk approved on June 10, 1980, an Amended Cost Bond on the appeal filed by Albin.

Albin's points of error complain that the trial court erred (1) in granting a default judgment on August 8, 1978, since such is not permitted in citation by publication cases, (2) in failing to grant a new trial since no attorney was appointed to represent defendant Albin in said suit as is required by Tex.R.Civ.P. 244, (3) in failing to grant a new trial since no statement of evidence was approved and signed by the trial judge and filed with the papers of the cause as part of the record as is required by Tex.R.Civ.P. 244, and (4) in failing to grant a new trial, since the trial court was unable to provide a statement of facts from any hearing prior to August 8, 1978, in accordance with Rule 377.

Rule 244, provides:

Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, *the court shall appoint an attorney to defend the suit* in behalf of the defendant, and judgment shall be rendered as in other cases; but, *in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers* of the cause as a part of the record there. * * * (Emphasis added)

In rendering the default judgment it is undisputed in the record that the trial judge did not appoint an attorney and that he did not approve and sign a statement of the evidence and file the same in the papers of the case. It has been held that where the trial court fails to appoint an attorney to defend the case and fails to approve and file a statement of the evidence, the case must be reversed on direct appeal. *McCarthy v. Jesperson*, 527 S.W.2d 825, 826 (Tex. Civ.App.—El Paso 1975, no writ); *Villegas v. Shane-Michael Optical Co.*, 443 S.W.2d 571, 572–3 (Tex.Civ.App.—El Paso 1969, no writ). The *Villegas* case, supra, also states that Rule 244 is derived from Tex.Rev.Civ. Stat.Ann. art. 2158, with minor textual change, so that cases cited under Art. 2158 would be decisive under Rule 244. See *Villegas*, supra, for additional citations.

■ We conclude that the trial court committed reversible error in granting default judgment for plaintiff on August 8, 1978. There must be strict compliance with every essential requirement of the rule. *Byrnes v. Sampson*, 74 Tex. 79, 11 S.W. 1073, 1075 (1889); see 4 McDonald, Texas Civil Practice § 17.24 (rev. 1971). "The statute [2158, now Rule 244] is mandatory and failure of the court to comply with its provisions is reversible error." *Jeter v. Jeter*, 281 S.W. 598, 599 (Tex.Civ.App.—Dallas 1926, no writ).

Plaintiff contends that there is no final judgment from which to appeal. It argues that on May 12, 1980, the trial court granted Albin's motion for new trial in open court and that this judgment has not been altered since that date. The further argument is made that the May 13, 1980, order "mentions only that the Order signed May 12, 1980 is void," and does not purport to alter the judgment rendered May 12, 1980; therefore, the judgment granting Albin a new trial has not been disturbed. We disagree with those contentions.

The trial court by its order of May 13, 1980, ordered

"that the Order signed on May 12, 1980, as entered is outside and not within the authority granted by Rule 329 of the Texas Rules of Civil Procedure.

IT IS FURTHER ORDERED, ADJUDGED and DECREED by the court *that said order is void and should in all things be stayed and set aside until further order of the court.*" (Emphasis added)

Our interpretation of the action of the trial court is that he held his order granting a new trial to be void and set it aside; that being true, the default judgment of August 8, 1978, was the judgment from which Albin appealed and that judgment is the one which we hold contained reversible error.

■ Both parties seem to be maintaining that a new trial is in order, one maintaining

that a new trial should be granted and the other saying it has already been granted. Plaintiff says the May 12, 1980, order granting a new trial remains in effect, while Albin contends that the trial court set it aside and that we should order a new trial by overturning the default judgment of August 8, 1978. We believe the latter procedure is correct.

As noted, the trial court set aside the default judgment and the abstract of judgment and granted a new trial. In our view the trial court was obligated to so act. However, the following day, the court set aside his order granting a new trial; therefore, the default judgment was again in force. As a result, our conclusions here apply to the default judgment rendered August 8, 1978. As set out above, the trial court erred in rendering the default judgment of August 8, 1978, because no attorney was appointed by the court to defend the case, and secondly, because a statement of the evidence, signed and approved by the judge, was not filed with the papers in the case as a part of the record.

We do not reach appellant's other points.

Judgment of the trial court is reversed, and the cause is remanded for a new trial.