**BERTSCH & COMPANY, INC., Appellant,**

v.

**Horace SPELLS, Appellee.**

**No. 11-84-228-CV.**

Court of Appeals of Texas, Eastland.

March 21, 1985.

Rehearing Denied April 11, 1985.

Charles M. Barnard, Oldham & Barnard, Wichita Falls, for appellant.

Larry Lambert, Wilson, Lambert & Quick, Wichita Falls, for appellee.

McCLOUD, Chief Justice.

This is an appeal by writ of error from a default judgment. Horace Spells sued Bertsch & Company, Inc. for personal injuries plaintiff sustained because of the allegedly defective product manufactured, designed and sold by defendant. Defendant was served with citation pursuant to TEX. REV.CIV.STAT.ANN. art. 2031b (Vernon Supp.1985), but failed to file an answer. On March 12, 1984, the district court rendered judgment against the defendant in the sum of $612,946.00. On the same date, the trial court signed a "Statement of Evidence" which was prepared in narrative form. The court's certificate states that the "foregoing two pages of typewritten material contains and comprises a full, true, and correct statement of all the material facts proved at the trial of the cause." No representative of the defendant was present at the default judgment hearing.

Defendant argues that the judgment should be reversed and the cause remanded for trial because the official court reporter made no record of the proceedings.

The record establishes that a court reporter was not present at the default judgment hearing. Therefore, the court reporter could not provide the defendant with a statement of facts in question and answer form as requested by the defendant.

■ It is generally stated that if an appellant exercises due diligence, and through no fault of his own, is unable to obtain a proper record of the evidence, a new trial is required to preserve his right of review. *Rogers v. Rogers*, 561 S.W.2d

172 (Tex.1978); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd).

We agree with the recent case of *Houston Pipe Coating Company, Inc. v. Houston Freightways, Inc.*, 679 S.W.2d 42 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), which held that an appellant was not required to rely upon the testimony offered at the hearing as "certified by the trial court." In *Watson v. Sheppard Federal Credit Union*, 589 S.W.2d 742 (Tex.Civ. App.—Fort Worth 1979, writ ref'd n.r.e.), a default judgment case, the appellee was contending that the "Statement of Evidence" signed by the trial judge and made a part of the transcript should serve as a proper statement of facts. The court rejected that argument and held that an appealing party is entitled to a statement of facts in question and answer form. A trial court's narrative rendition of the evidence in a default judgment case was held to be insufficient in *Fisher v. First Security State Bank of Cranfills Gap, Texas*, 576 S.W.2d 886 (Tex.Civ.App.—Waco 1979, no writ). There, the court stated:

> We need a question and answer statement of facts as reproduced verbatim from the spoken word of both counsel and the witnesses, unblemished by human interpretation.

■ We agree with the above discussed cases, and we hold that the "Statement of Evidence" in the instant case did not constitute a proper record of the evidence.

■ We reverse and remand only as to the amount of damages. The default judgment rendered in favor of plaintiff against the defendant operates as an admission of the defendant's liability except as to unliquidated damages. *Mo-Vac Service, Inc. v. Marine Contractors & Supply, Inc.*, 586 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). The failure to provide a proper statement of facts affects only the issue of the unliquidated damages. TEX.R.CIV.P. 434 provides:

> [A]nd if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, *provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.* (Emphasis added)

■ The liability issues were uncontested at the time of the default judgment. No answer had been filed by defendant. Therefore, the emphasized language in Rule 434 does not prevent a separate trial on "unliquidated damages." *Mo-Vac Service, Inc. v. Marine Contractors & Supply, Inc.*, supra; *Watson v. Sheppard Federal Credit Union*, supra; *Justice Life Insurance Company v. Walker*, 508 S.W.2d 434 (Tex.Civ.App.—Fort Worth 1974, writ ref'd n.r.e.).

In *Wallace v. Snyder National Bank*, 527 S.W.2d 485 (Tex.Civ.App.—Eastland 1975, writ ref'd n.r.e.), this Court, in a default judgment case where the court reporter failed to record the testimony, held that the issue of liability as well as the "liquidated damages" would be affirmed, and reversed and remanded only the issue of the amount of "the unliquidated" attorney's fees. See TEX.R.CIV.P. 239 and 243.

The court in *Houston Pipe Coating Company, Inc. v. Houston Freightways, Inc.*, supra, affirmed the default judgment as to liability, and reversed and remanded for a new trial only as to the issue of damages.

The judgment of the trial court is affirmed as to the issue of defendant's liability. The judgment is reversed, and the cause is remanded for a new trial on the issue of damages.