**Joe ISAAC, Appellant,**

v.

**WESTHEIMER COLONY ASSOCIATION, INC., Appellee.**

**No. 01–95–00764–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 1, 1996.

Rehearing Overruled Sept. 12, 1996.

---

Robert H. Fisher, Houston, for appellant.

Cynthia Owens, Jack M. Terry, Houston, for appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

SCHNEIDER, Chief Justice.

By writ of error, Joe Isaac appeals the default judgment rendered against him, awarding Westheimer Colony Association, Inc., $28,456.30 in compensatory damages and $75,000 in exemplary damages. Westheimer did not file an appellate brief in this cause. We reverse and remand for a new trial.

In four points of error, appellant contends the trial court erred: (1) in granting default judgment because service of process was defective; (2) in granting default judgment because the petition fails to state a valid cause of action; (3) in failing to appoint an attorney to defend the suit in behalf of the non-appearing defendant; and (4) in awarding compensatory tort damages and exemplary damages without holding a hearing to inquire into the causal nexus between the event sued upon and the alleged injuries incurred.

Four elements must be present for a review by writ of error: (1) the petition must be brought within six months of the judgment; (2) by a party to the suit; (3) who did not participate at trial; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985). It is clear that Isaac's writ of error was brought within six months of the judgment, that Isaac was a party to the suit, and that Isaac did not participate at trial. The issue to be addressed here is whether error is present on the face of the record.

On August 3, 1993, Westheimer filed an original petition against Isaac alleging breach of express warranty and fraud. Service of process was initially attempted pursuant to rule 103 by Jeff Watts. Watts attempted to personally serve Isaac at his last known ad-

dress. Isaac's driver's license listed this address as his residence and the individual who answered the door claimed to be Isaac's father. This individual would not, however, confirm Isaac's whereabouts other than to say Isaac was in Houston.

Neither Isaac's home nor his business address could be confirmed. Had one of these locations been confirmed, Westheimer could have requested service of process via rule 106, which authorizes service at either location by leaving a copy of the citation, with a copy of the petition attached, with anyone over 16 years of age at either location or in any manner that evidence shows would be reasonably effective to give Isaac notice of the suit. TEX.R. CIV. P. 106. Because Westheimer could not confirm either location, Westheimer was forced to seek service of process through an alternative method. On February 8, 1994, Westheimer filed its motion for rule 109a substitute service. In the motion, Westheimer stated:

> Plaintiff, after the exercise of due diligence, has not been able to serve the defendant. The current address of the defendant is unknown. A diligent effort has been made to locate the Defendant, including a check of Texas Driver's license Records, all of which indicate that defendant still resides at 225 W. Broadway, Pasadena, Texas. Information gathered indicates that there are three individuals with the name Joe Isaac, all lineally related (grandfather-father-son), using that address as their address.
>
> . . . .
>
> Plaintiff's diligence in this matter satisfies the requirements for Citation by Publication provided by rule 109 of the Texas Rules of Civil Procedure. To effectuate service upon Defendant, Plaintiff desires to utilize the provisions of Rule 109a and allow service of the Original Petition upon anyone over 16 years of age residing at 225 W. Broadway, Pasadena, Texas. Based upon the foregoing, Plaintiff asserts that service would be as likely to give Defendant actual notice of the commencement of this lawsuit.

Attached to this motion was Jeff Watts's affidavit. In his affidavit, Watts stated that the current residence of Isaac was unknown and that he made a diligent search and inqui-ry to locate Isaac. Watts noted that he spoke with Isaac's father, who informed Watts that Isaac was in Houston, though the father would not say where.

Finding that Westheimer exercised due diligence in attempting service upon Isaac, the trial court authorized Jeff Watts to serve citation and a copy of the original petition upon anyone over the age of 16 residing at Isaac's last known address. The return of service, filed and entered on February 24, 1995, recited that service was made by Jeff Watts upon a male over the age of 16 at the listed address.

■ No request was ever made for, and the court did not appoint, an attorney ad litem to appear on behalf of Isaac. Isaac argues the trial court erred in failing to appoint an attorney to defend the suit on behalf of the non-appearing Isaac. Isaac points out that rule 109a requires, in conjunction with rule 244, the appointment of an attorney to defend the suit on behalf of a non-appearing defendant. Rule 109a provides:

> Whenever citation by publication is authorized, the court may, on its own motion, prescribe a different method of substitute service, if the court finds, and so recites in its order, that the method so prescribed would be as likely as publication to give defendant actual notice. When such method of substituted service is authorized, the return of the officer executing the citation shall state particularly the manner in which service · is accomplished, and shall attach any return receipt, returned mail, or other evidence showing the result of such service. Failure of defendant to respond to such citation shall not render the service invalid. *When such substituted service has been obtained and the defendant has not appeared, the provisions of Rules 244 and 329 shall apply as if citation had been served by publication.*

TEX.R. CIV. P. 109a (emphasis added). Rule 244 states that, "[w]here service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases." TEX.R. CIV. P. 244; *see Cahill v. Lyda,* 826 S.W.2d 932, 933 (Tex.1992).

Both rules 106 and 109a provide for alternate methods of service of process. The primary distinction between the two rules is that rule 109a additionally requires, pursuant to rule 244, that the trial court *"appoint an attorney to defend the suit in behalf of the defendant."* TEX.R. CIV. P. 244 (emphasis added). The purpose of the portion of rule 244 requiring the appointment of an attorney ad litem is to provide a non-appearing defendant effective representation. *Terry v. Howard,* 546 S.W.2d 66, 69 (Tex.App.—Dallas 1976, no writ).

Here, there is no evidence in the record of the trial court having appointed an attorney ad litem in Isaac's behalf. Absent strict compliance with the essential requirements of rule 244, a trial court commits reversible error. *Albin v. Tyler Prod. Credit Ass'n,* 618 S.W.2d 96, 98 (Tex.App.—Tyler 1981, no writ).

The trial court's error in failing to appoint an attorney ad litem on Isaac's behalf is apparent on the face of the record. Therefore, we sustain Isaac's third point of error, reverse the judgment of the trial court and remand the cause for a new trial.

We need not address Isaac's first, second and fourth points of error.