Tony **MONTGOMERY**, Individually and as Executor of the Estate of Donnie M. Wilson, Deceased, Appellants,

v.

**R.E.C. INTERESTS, INC.**, Appellee.

No. 06–03–00109–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 4, 2004.

Decided March 10, 2004.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

R.E.C. Interests, Inc., filed a trespass to try title suit against some thirty defendants, including Donnie M. Wilson, and cited them by publication. After a trial to the court, judgment was rendered against these defendants. Tony Montgomery, as devisee under Wilson's will and as independent coexecutor of Wilson's estate, appeals, contending the trial court erred by failing to comply with the requirements of Tex.R. Civ. P. 244 for defendants cited by publication and by rendering judgment in favor of R.E.C. when it failed to make a prima facie case in trespass to try title.

**Procedural History**

R.E.C. filed its petition in trespass to try title on March 2, 2001. The defendants were cited by publication, but made no appearance. The trial court appointed an attorney ad litem for the defendants, who filed a general denial on their behalf.

On July 5, 2001, the trial court heard the case and rendered judgment in favor of R.E.C. Nearly two years later, on June 24, 2003, Montgomery filed a motion for new trial.[1] The court denied his motion without hearing August 27, 2003. Montgomery filed a notice of appeal September 8, 2003.

■ R.E.C. contends this appeal is untimely because it was not brought within six months of the judgment. Tex. Civ. Prac. & Rem.Code Ann. § 51.013 (Vernon 1997); *see Isaac v. Westheimer Colony Ass'n*, 933 S.W.2d 588, 589 (Tex.App.-Houston [1st Dist.] 1996, writ denied). However, R.E.C. relies on the rules appli-

Bailey C. Moseley, Marshall, for appellant.

Jesse M. Deware IV, Jefferson, for appellee.

Christina C. Wedding, Marshall, for ad litem.

---

1. In cases where the defendant is cited by publication, a motion for new trial is timely if filed within two years. Tex.R. Civ. P. 329.

cable to an appeal by writ of error, now called a restricted appeal, and governed by Tex.R.App. P. 30. In order to bring a restricted appeal, an appellant must not have participated in the hearing resulting in the judgment of which he or she complains and must not have filed a timely post-judgment motion or a timely notice of appeal. *Id.* R.E.C. is correct in that a restricted appeal must be brought within six months after the judgment or order is signed. Tex.R.App. P. 26.1. However, we are not dealing with a restricted appeal, and Tex.R.App. P. 30 is not implicated.

Montgomery filed a timely, regular appeal. Because process was served by publication and a motion for new trial was timely filed according to Tex.R. Civ. P. 329, we calculate the appellate timetable using the date the motion for new trial was filed as the date judgment was signed. *See* Tex.R.App. P. 4.4; Tex.R. Civ. P. 306a(7); 329b(d). Here, Montgomery filed his motion for new trial June 23, 2003. Using that date as the date the trial court's judgment was signed, a timely notice of appeal was due September 22, 2003. *See* Tex. R.App. P. 26.1(a)(1). Because Montgomery filed his notice of appeal September 8, 2003, his appeal in this case was timely perfected and is within the jurisdiction of this Court.

**Failure to File Statement of the Evidence**

■ Montgomery first complains the trial court failed to cause to be filed a statement of the evidence as required by Rule 244 of the Texas Rules of Civil Procedure. This rule provides two safeguards when citation is by publication and no appearance has been made:

> ■ the court shall appoint an attorney to defend the suit in behalf of the defendant, ... [2] *in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof.*

Tex.R. Civ. P. 244 (emphasis added).

Here, the trial court clearly complied with the first requirement by appointing Christina Wedding as attorney ad litem to represent the interests of the defendants cited by publication. At issue is whether the trial court complied with the second requirement that it sign and approve a statement of the evidence to be filed as a part of the record in this matter. R.E.C. argues that the reporter's record serves as the "statement of the evidence." We reject R.E.C.'s argument and hold that the reporter's record filed in this case does not satisfy Rule 244's requirement that the trial court sign and approve a "statement of the evidence."

No cases clearly delineate the required elements of a statement of the evidence as contemplated by Rule 244. However, as discussed below, several cases indirectly support the conclusion that an unsigned and unapproved court reporter's record is insufficient to satisfy Rule 244's mandate.

■ In construction of Texas law, it is a well-established presumption that every word has been used for a purpose. *See Eddins–Walcher Butane Co. v. Calvert,* 156 Tex. 587, 298 S.W.2d 93, 96 (1957). Even if we were convinced by R.E.C.'s argument that the reporter's record represented a statement of the evidence, we note the trial court never approved and never signed the reporter's record, an obvious deviation from the plain, mandatory language of the rule. Wording in statutes is to be given its literal interpretation when that wording is clearly unambiguous. *Page v. Structural Wood Components, Inc.,* 102 S.W.3d 720, 729 (Tex.2003).

Texas courts have employed such an interpretation as illustrated by their treatment of a signed and approved statement

of the evidence as a document separate from the court reporter's record. *See Graves v. Graves*, 916 S.W.2d 65, 67 (Tex. App.-Houston [1st Dist.] 1996, no writ). In *Graves*, the court noted the appellant filed both a clerk's record and a reporter's record.[2] The court also specifically noted that the record also contained a statement of evidence pursuant to Rule 244 describing the evidence introduced at the hearing. *Id.; see also Commercial Credit Corp. v. Smith*, 143 Tex. 612, 187 S.W.2d 363, 366 (1945) (discussing statement of evidence which recited proof had been introduced establishing all allegations in plaintiff's original petition); *Blackman v. Blackman*, 128 S.W.2d 433, 438 (Tex.Civ.App.-Fort Worth 1939, writ dism'd judgm't cor.) (providing brief summary of statement of the evidence adduced at trial, a summary which included description of documentary and testimonial evidence and statement as to relevance of some items of evidence).

 The law favors allowing a defaulted party its day in court, and traditionally, Texas courts have required strict compliance with the rules governing citation by publication.[3] *See McCarthy v. Jesperson*, 527 S.W.2d 825, 826 (Tex.Civ.App.-El Paso 1975, no writ); *Jeter v. Jeter*, 281 S.W. 598, 599 (Tex.Civ.App.-Dallas 1926, no writ) (applying Rule 244's predecessor, Article 2158). Here, we have compliance with but one of the safeguards required by Rule 244. The trial court commits reversible error when it fails to follow strict compliance with both requirements of this rule. *Jeter*, 281 S.W. at 599; *see also Albin v. Tyler Prod. Credit Ass'n*, 618 S.W.2d 96, 98 (Tex.Civ.App.-Tyler 1981, no writ); *McCarthy*, 527 S.W.2d at 826. Likewise, failure to file a signed and approved statement of the evidence, alone, is a sufficient ground for reversal. *See McLane v. Kirby & Smith*, 54 Tex.Civ. App. 113, 116 S.W. 118, 120 (1909, no writ).

## Conclusion

Because the record in this case does not contain a statement of the evidence as required by Rule 244, we sustain Montgomery's first point of error and do not reach his second point as to the sufficiency of R.E.C.'s evidence of title.

We reverse the judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Concurring Opinion by Justice
CARTER.

I concur in the judgment of the court, but write separately to comment on the mandatory requirement of a judicial "statement of the evidence" when a court reporter's record exists.

*Byrnes v. Sampson*, 74 Tex. 79, 11 S.W. 1073 (1889), was one of the first cases to interpret the statement of evidence as a mandatory requirement. The court held that, in suits of this character, there must be strict compliance with the essential requirements of the statute. *Id.* at 1075. One of the requirements was for the court to "make out and incorporate with the records of the case a statement of the facts proven on which the judgment was founded." *Id.* Similarly, Tex.R. Civ. P. 244 re-

---

**2.** In *Graves*, the terms "transcript" and "statement of facts" were used to refer to the clerk's record and the reporter's record, respectively.

**3.** Rule 244 is derived from Vernon's Annotated Civil Statutes, Article 2158 and contains only minor textual changes from its predeces-

sor. Therefore, we look to cases interpreting Article 2158, in addition to cases involving Rule 244, for guidance on construction and effect of this rule. *See Villegas v. Shane-Michael Optical Co.*, 443 S.W.2d 571, 572 (Tex.Civ.App.-El Paso 1969, writ dism'd by agr.).

quires that a "statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause...." The court in *Byrnes* found the object of this requirement was "that upon a review ... it may be determined whether the judgment was authorized by the facts established on the trial." *Byrnes*, 11 S.W. at 1075; *McLane v. Kirby & Smith*, 54 Tex. Civ.App. 113, 116 S.W. 118 (1909, no writ), cites the *Byrnes* case for the proposition that the appointment of an attorney to defend the suit for the nonresident does not dispense with the necessity or requirement to file a statement of evidence, and failure to do so is reversible error.

When the court reporter has made a full record of all the evidence, the purposes of this requirement—to protect the defendant and to ensure the judgment is adequately supported by competent evidence—have been fully met. The additional statement of the evidence is of little or no real value. In this case, a complete reporter's record was made and is presently before us. We could review that record to determine if the evidence meets the proper legal requirements to support this judgment. To reverse this case for a lack of a statement of evidence elevates form over substance. Only in this unique circumstance is a court "statement of evidence" even considered as a proper record of the evidence. *See Bertsch & Co. v. Spells*, 687 S.W.2d 826 (Tex.App.-Eastland 1985, writ ref'd n.r.e.).

In *Byrnes*, the court, while announcing this mandatory rule, reviewed the "only evidence," a deposition, and found it to be insufficient to support the judgment. The further holding that the court's "statement of evidence" was mandatory was unnecessary. I urge a reconsideration of this requirement, either by amendment to the rule or its interpretation. It is nonsensical that we must reverse a case for the stated reason that we do not a have "statement of evidence" when every word of the evidence presented is before us.