OPINION

No. 04-05-00512-CV

Olan KARM and Marc Payne ,

Appellants

v.

City of CASTROVILLE,

Appellee

From the 38th Judicial District Court , Medina County, Texas

Trial Court No. 04-09-17094-CV

Honorable Watt Murrah , Judge Presiding




Opinion by: Rebecca Simmons , Justice



Sitting: Catherine Stone , Justice

 Karen Angelini , Justice

 Rebecca Simmons , Justice



Delivered and Filed: November 15, 2006



REVERSED AND RENDERED

Background

 Appellant Olan Karm owns approximately eighteen acres of land within the extraterritorial jurisdiction (ETJ) of the City of
Castroville ("City") in Medina County. (1) Appellant Marc Payne was negotiating with Karm for the purchase of a five acre
portion of Karm's property in order to develop a health club. Appellants first met with the City staff in November of 2003
in order to obtain the necessary approvals for the development. To address concerns raised by the City, changes were made
to the plan designs. Additionally, per City direction, appellants applied for a minor plat to subdivide the property and
extend utilities necessary for the operation of the health club. 

 On March 5, 2004, Karm filed a petition for voluntary annexation of his eighteen acres, in part, to obtain city utilities on
the property. On March 22, 2004, the City adopted Ordinance 2004-008 setting the dates of public hearing regarding the
annexation of Karm's property. On April 30, 2004, after two public hearings had been held, Karm withdrew his consent for
the voluntary annexation in written correspondence to the City. The application to subdivide the property was approved by
the City on May 7, 2004. On May 10, 2004, the City annexed Karm's eighteen acre tract despite Karm's withdrawal of
consent.

 The City subsequently denied Payne's July 29, 2004 application for a building permit for the construction of the health club
development because the newly annexed property was zoned residential. Appellants requested that the City either recognize
developmental rights for the health club project or disannex the property. The City refused and appellants filed suit. 

Standard of Review

 An appellate court reviews declaratory judgments under the same standards as other judgments and decrees. Lidawi v.
Progressive County Mut. Ins. Co., 112 S.W.3d 725, 730 (Tex. App.--Houston [14th Dist.] 2003, no pet.); see also Tex. Civ.
Prac. & Rem. Code Ann. § 37.010 (Vernon 1997). As such, the procedure used to resolve the issue at trial determines the
standard of review on appeal. Lidawi, 112 S.W.3d at 730. Here, the trial court determined several separate issues: (1) that
the "plat" application was not a "license, certificate, permit, approval or other form of authorization by a government entity.
. . required by law for the planned land use" under Chapter 43 of the Texas Local Government Code; (2) that appellants did
not have vested rights pursuant to Chapter 43 of the Texas Local Government Code; (3) that Chapter 245 of the Texas Local
Government Code did not apply to Appellants' claims and therefore, appellants did not have vested rights under Chapter
245 to specific planned land use; and (4) appellants were not entitled to disannexation. To the extent that the issues
involved stipulated facts and only questions of law were presented to the trial court, this court reviews the trial court's
decision de novo. See Henderson v. Viesca, 922 S.W.2d 553, 557 (Tex. App.--San Antonio 1996, writ denied) (review of
order approving guardian's attorney's fees, when parties stipulated to facts and trial court had considered only legal issues). 

Annexation 

 In the first two points of error, appellants argue that the annexation is void because Karm withdrew his consent to
annexation and the City of Castroville failed to grant the annexation within the time allowed by Section 43.028 of the Local
Government Code. Tex. Loc. Gov't Code Ann. § 43.028 (Vernon 1999).

 The City of Castroville annexed Karm's property pursuant to Section 43.028 which allows a municipality to annex a certain
sparsely occupied area upon petition of the landowner. Id. After the fifth day following the date when the landowner filed
the petition, but on or before the thirtieth day, the annexing municipality must "hear the petition and the arguments for and
against the annexation and shall grant or refuse the petition as the governing body considers appropriate." Id. § 43.028(d)
(emphasis added). Only after the governing body grants the petition can such body annex the area by ordinance. Id. at §
43.028(e). Moreover, without the owner's consent, the municipality exceeds its statutory authority to annex under Section
43.028. City of Northlake v. E. Justin Joint Venture, 873 S.W.2d 413, 419-20 (Tex. App.--Fort Worth 1994, writ denied)
(holding that when the operative statute does not permit unilateral annexation, lack of consent renders an ordinance void). 


 Karm filed the petition for annexation on March 5, 2004. Pursuant to Section 43.028, the City had thirty days thereafter to
grant the petition. The City of Castroville claims that in setting the date for public hearing on March 22, 2004, the City
granted Karm's petition for annexation. Although this ordinance makes no mention of any actions other than the setting of
hearing dates, the City argues there would be no reason to set the dates if the City had rejected the petition. 

 Without citing to any authority, the City asserts that because setting the dates for public hearings could only mean that it
granted the petition, its actions on March 22, 2004, in Ordinance 

No. 2004-088, establishes that the City heard the petition, and the arguments for and against the annexation, and granted the
petition. We are unable to find any relevant authority supporting the City's position nor do we find its rationale persuasive. 
There is at least one court, however, that rejects the City's argument. See Town of Fairview v. Stover, No. 05-01-01318-CV,
2002 WL 1981371, at *4 (Tex. App.--Dallas Aug. 29, 2002, no pet.) (not designated for publication) (holding that
Fairview's argument that it impliedly granted the petition for annexation when it scheduled hearings on the annexation did
not satisfy the requirements of Section 43.028(d)). 

 In Stover, approximately one week after Stover filed a petition for voluntary annexation, Fairview published notice of
public hearing dates regarding the annexation. Approximately two weeks after the petition was filed, the town council held
two public hearings on the annexation, but did not take any action. The following week, Stover requested the petition be
placed on hold and ultimately withdrew his consent. After his withdrawal, and approximately sixty days after the filing of
the petition, Fairview annexed the property in question. The Stover court held the ordinance annexing the property was
void because the statute "explicitly requires the governing body to deliberate on the issue whether to grant or refuse the
petition itself" within the thirty day period prescribed by Section 43.208(d). Id. at *3-4. 

 The City attempts to distinguish Stover based on the fact that the Town of Fairview administratively set the two public
hearings dates, whereas the City of Castroville set the dates at a meeting. We fail to see the distinction. The fact that the
City of Castroville set the dates for a public hearing at a meeting, without any indication of a deliberative process or an
affirmative action as to the petition, does not amount to compliance under Section 43.028. In fact, the agreed stipulations
specifically provide that other than setting the public hearing dates, the "City Council took no specific action to approve or
deny" the petition prior to the May 10, 2004 annexation. Accordingly, we conclude that setting the dates at a meeting does
not meet the required statutory process and the City exceeded its authority to proceed with the annexation. 

 Because this case suffers from the same infirmities found in the Stover case, the trial court erred in failing to disannex the
property. We therefore sustain appellants' points of error one and two. 

Vested Rights 

 In issues three through five, appellants assert they have vested statutory property rights under Chapter 43 and 245 of the
Local Government Code. Both of these statutes apply after a municipality annexes an area within its ETJ. See Tex. Loc.
Gov't Code Ann. § 43.002 (Vernon 1999) ([a] municipality may not, after annexing an area, prohibit a person from...); 
Lowe's Home Ctrs., Inc. v. City of Sunset Valley, 03-04-00411-CV, 2004 WL 2814377, *1 n.4 (Tex. App.--Austin Dec. 9,
2004, no pet.) (mem. op.) (holding that § 245.002 pertains to "the interaction of a series of plat applications with changing
regulations" and not the effects of a pending plat application).

 Based on our determination that the City failed to comply with the requirements of Section 43.028, and that the annexation
was void, discussion of the effects after annexation is unnecessary. Therefore, we need not address the remainder of
appellants' issues. See Tex. R. App. P. 47.1 (appellate court's opinion must address every issue "necessary to final
disposition of the appeal");Lab. Corp. of Am. v. Compton, 126 S.W.3d 196, 197 (Tex. App.--San Antonio 2003, pet.
denied).

 Because we have held that appellants are entitled to relief, we reverse the trial court's judgment and render judgment for
appellants Karm and Payne for the recovery of attorney's fees in the amount of $37,000.00 for trial and $7,500.00 for
attorney's fees on appeal, as stipulated by the parties. See Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997). 



 Rebecca Simmons , Justice





1. All parties to this action stipulated to the facts of this case in a 47 paragraph agreed statement of facts.