

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00771-CV

Natalia **JACKSON**,
Appellant

v.

Christopher B. **JACKSON**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-08434
Honorable John D. Gabriel Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 22, 2018

REVERSED AND REMANDED

Appellant Natalia Jackson, who lives in Kyrgyzstan, appeals from a default judgment based on service through citation by publication.  Natalia did not answer or appear within the prescribed time, and the trial court was required by rule to appoint an attorney to defend the suit on Natalia's behalf.  Because the trial court failed to comply with the rule, we reverse the trial court's final decree of divorce and remand this cause to the trial court for a new trial.

### BACKGROUND

While Christopher B. Jackson was working in Kyrgyzstan, he married Natalia Fomenko in November 2014. Shortly after Natalia gave birth to their son, Christopher left Kyrgyzstan, returned to the United States, and has been separated from Natalia and their son ever since.

In May 2017, Christopher filed for divorce in Bexar County. He tried once to serve Natalia by registered mail at her address in Kyrgyzstan, but he did not receive the return of service. Thereafter, he filed an affidavit requesting citation by publication; citation was published, and the service was returned by a Bexar County Deputy Sheriff.

Natalia did not timely answer or appear, and the trial court granted a default judgment— the divorce decree—for Christopher. Natalia timely filed a special appearance and other pleadings, subject to her special appearance, including a motion for new trial. At the hearing on Natalia's motion for new trial, the trial court reviewed the various means of service under Rule 108a, and then denied Natalia's motion because she did not prove that she had not been properly served.[1] Natalia appeals arguing the trial court erred (1) by granting a default judgment without proper service and (2) by failing to appoint an attorney to defend the suit on her behalf.

Before we consider her issues, we briefly recite the standard of review.

### STANDARD OF REVIEW

When there are no facts for the trial court to resolve, whether the trial court ruled properly is a question of law. *See Patterson-UTI Drilling Co. LP, LLLP v. Webb Cty. Appraisal Dist.*, 182 S.W.3d 14, 17 (Tex. App.—San Antonio 2005, no pet.) (trial on stipulated facts); *SLW Aviation, Inc. v. Harris Cty. Appraisal Dist.*, 105 S.W.3d 99, 102 (Tex. App.—Houston [1st Dist.] 2003, no

---

[1] "When a default judgment is challenged, '[t]here are no presumptions in favor of valid issuance, service, and return of citation.' Instead, the plaintiff who obtained the default judgment has the burden to prove that each element of service was proper." *In re J.P.L.*, 359 S.W.3d 695, 706 (Tex. App.—San Antonio 2011, pet. denied) (alteration in original) (citation omitted) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)).

pet.) (same).  We review questions of law de novo.  *See Karm v. City of Castroville*, 219 S.W.3d 61, 63 (Tex. App.—San Antonio 2006, no pet.) ("To the extent that the issues involved stipulated facts and only questions of law were presented to the trial court, this court reviews the trial court's decision de novo."); *Dawson v. Briggs*, 107 S.W.3d 739, 744 (Tex. App.—Fort Worth 2003, no pet.).

**APPELLATE ISSUES**

In her first issue, Natalia asserts the trial court could not render a default judgment against her because she had no notice of the suit.  In her second issue, Natalia asserts the trial court erred in failing to appoint an attorney to defend the suit on her behalf.  Because the second issue is dispositive, we address it first.

**NO ATTORNEY APPOINTED**

In her second issue, Natalia argues the trial court committed reversible error by granting the default divorce decree without appointing an attorney to defend the suit on her behalf.  We agree.

**A.     Rule 244**

Rule 244 imposes mandatory duties on the trial court in certain circumstances; it reads in pertinent part as follows:

> Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant, and judgment shall be rendered as in other cases; but, in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof.

TEX. R. CIV. P. 244; *see Cahill v. Lyda*, 826 S.W.2d 932, 933 n.1 (Tex. 1992) (per curiam).

In discussing this rule, the supreme court reiterated that "Rule 244 of the Texas Rules of Civil Procedure *requires* that a trial court appoint an attorney ad litem to represent defendants

served with citation by publication who fail to file an answer or appear before the court." *Cahill*, 826 S.W.2d at 933 (emphasis added) (footnote omitted); *accord Villarreal v. Guerra*, 446 S.W.3d 404, 415 (Tex. App.—San Antonio 2014, pet. denied) (same); *Barnes v. Domain*, 875 S.W.2d 32, 33 (Tex. App.—Houston [14th Dist.] 1994, no writ) (emphasizing the mandatory duty for the trial court to appoint an attorney to defend the suit).

If the trial court fails to appoint an attorney ad litem, it commits reversible error and the default judgment must be reversed. *Isaac v. Westheimer Colony Ass'n, Inc.*, 933 S.W.2d 588, 591 (Tex. App.—Houston [1st Dist.] 1996, writ denied); *Albin v. Tyler Prod. Credit Ass'n*, 618 S.W.2d 96, 98 (Tex. Civ. App.—Tyler 1981, no writ).

**B.    Reversible Error**

To support his petition for divorce, Christopher relied on the return of service from the citation by publication. *See* TEX. R. CIV. P. 109; *Velasco v. Ayala*, 312 S.W.3d 783, 795 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The record shows Natalia did not file an answer or appear "within the time prescribed." *See* TEX. R. CIV. P. 244; *Villarreal*, 446 S.W.3d at 415.

Rule 244's elements were met; the trial court was required to appoint an attorney ad litem to defend Natalia in the suit. *See* TEX. R. CIV. P. 244; *Cahill*, 826 S.W.2d at 933; *Isaac*, 933 S.W.2d at 591. Nothing in the record indicates the trial court appointed an attorney to defend the suit on Natalia's behalf, and the record does not contain a statement of the evidence. *Cf. Isaac*, 933 S.W.2d at 591 (similar facts required reversal); *Albin*, 618 S.W.2d at 98 (same).

The trial court committed reversible error when it failed to comply with its mandatory duty to appoint an attorney ad litem and to require a statement of the evidence. *See* TEX. R. CIV. P. 244; *Cahill*, 826 S.W.2d at 933; *Isaac*, 933 S.W.2d at 591; *Albin*, 618 S.W.2d at 98; *see also In re E.D.*, No. 02-16-00448-CV, 2018 WL 2343439, at *5 n.7 (Tex. App.—Fort Worth May 24, 2018, no pet. h.) (en banc). We sustain Natalia's second issue.

## DEFECTIVE SERVICE

In her first issue, Natalia challenges the default judgment based on lack of proper service of citation.  We need not address this issue because, even if we sustained it, we would grant her only the same relief—a new trial.

The appellate relief from a default judgment for defective service would be a new trial if, as here, the appellant entered a general appearance by her actions before the trial court.  At the hearing on her motion for new trial, Natalia did not ask the trial court to consider or rule on her special appearance before she sought relief from the default judgment.  *Contra* TEX. R. CIV. P. 120a2; *Glob. Paragon Dall., LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 613 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  She violated the due-order-of-hearing requirement and waived her special appearance; her answer became a general appearance.  *See* TEX. R. CIV. P. 121; *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam); *Glob. Paragon Dall.*, 448 S.W.3d at 613.  Her general appearance suffices for valid service.  *See* TEX. R. CIV. P. 120 (noting that a general appearance "shall have the same force and effect as if the citation had been duly issued and served as provided by law"); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) (citing TEX. R. CIV. P. 120) (same).

## CONCLUSION

In his suit for divorce, Christopher relied on service of citation by publication, and Natalia did not timely answer or appear.  When the trial court granted a default judgment—the divorce decree—for Christopher without appointing an attorney ad litem to defend the suit on Natalia's behalf, it committed reversible error.  Natalia waived her special appearance; on remand, the trial court will have personal jurisdiction over Natalia.  We reverse the trial court's final decree of divorce and remand the cause to the trial court for a new trial.

Patricia O. Alvarez, Justice