

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00504-CV

Sandra S. Wilcox Williams **SMITH**,
Appellant

v.

The **COUNTY OF GUADALUPE**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 20-0818-CV
Honorable William D. Old III, Judge Presiding

Opinion by:      Beth Watkins, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                 Patricia O. Alvarez, Justice
                 Beth Watkins, Justice

Delivered and Filed: May 15, 2024

AFFIRMED

In this restricted appeal, appellant Sandra S. Wilcox Williams Smith challenges a November 8, 2022 delinquent tax judgment. We affirm the judgment.

### BACKGROUND

On April 22, 2020, appellee the County of Guadalupe filed an original petition for the collection of delinquent property taxes on behalf of itself and the Seguin Independent School District. The County's original petition listed Smith and Lois Wilcox as the defendants who had a potential interest in the property at issue, and the County eventually amended its petition to add

nine other defendants.[1] After making several attempts to personally serve Smith in both California and Oklahoma, the County served Smith by posting notice on the door of the Guadalupe County Courthouse.

On May 11, 2022, the trial court appointed an attorney ad litem to represent Smith and the other defendants. At that time, Smith had not filed an answer or otherwise entered an appearance. *See* TEX. R. CIV. P. 244 ("Where service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant[.]").

The trial court originally set a final hearing on the County's petition for October 25, 2022. Smith appears to have received notice of this hearing because she filed a pro se motion seeking a continuance. The trial court construed Smith's motion as an answer. Although both the County and the appointed attorney ad litem appeared on October 25, the trial court indicated it was not willing to proceed on the County's claims against Smith that day.[2] The trial court reset the hearing for November 8, 2022.

On November 8, 2022, Smith did not personally appear. The attorney ad litem appeared, and he described the conversations he had had with Smith and his understanding of her interest in the property at issue. The County's attorney represented that Smith had been notified of the hearing "via mail and also via e-mail." At the conclusion of the hearing, the trial court signed a judgment that placed a statutory tax lien on the property and allowed the County to seek an order of sale to foreclose on the tax lien. On January 27, 2023, the trial court signed an order that authorized a

---

[1] Of the eleven defendants identified in the County's petition, only Smith is a party to this appeal.

[2] During the October 25, 2022 hearing, the trial court told the County, "If you want to do everybody but Ms. Sandra Wilcox [Smith], you can. Otherwise we can wait until November the 8th."

foreclosure sale of the property. Smith filed a motion to stay the sale, and on March 7, 2023, the trial court denied that motion.

On May 9, 2023, Smith filed a notice of restricted appeal.[3] Because the notice of restricted appeal was filed late but within the time to file a motion for extension of time to file a notice of appeal, we ordered her to provide a reasonable explanation for the untimely notice. *See* TEX. R. APP. P. 26.1(c), 26.3, 30. She complied with our order, and we retained her restricted appeal on our docket. On December 6, 2023, the County filed a motion to dismiss this appeal, arguing that Smith could not satisfy the jurisdictional requirements of a restricted appeal.

## ANALYSIS

### *Restricted Appeal Generally*

To prevail in a restricted appeal, the appellant must show: (1) she filed a notice of appeal within six months of the date the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the challenged judgment and did not file any timely post-judgment motions or requests for findings of fact and conclusions of law; and (4) there is error apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three elements of a restricted appeal are jurisdictional, but the fourth is not because it "ultimately requires an analysis of the merits of the appellant's grounds for appeal." *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). "An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Id.* In a restricted appeal, the face of the record

---

[3] Smith's notice of appeal challenges the November 8, 2022 delinquent tax judgment, the January 27, 2023 order authorizing a foreclosure sale, and the March 7, 2023 order denying Smith's motion to stay the sale. Because the January 27, 2023 and March 7, 2023 orders are unappealable "[o]rders made for the purpose of enforcing or carrying into effect an already-rendered judgment," we consider only Smith's challenge to the November 8, 2022 delinquent tax judgment. *See, e.g.*, *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2011, no pet.).

includes "all papers on file in the appeal, including the reporter's record." *Vilt & Assocs., P.C. v. Parker*, No. 04-19-00416-CV, 2020 WL 5027394, at *6 (Tex. App.—San Antonio Aug. 26, 2020, no pet.) (mem. op.).

### *The County's Motion to Dismiss*

Before turning to the merits of Smith's arguments, we must address the County's assertion that we lack jurisdiction over this restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 497. The County does not dispute that Smith satisfied the first and second elements of a restricted appeal. *See Alexander*, 134 S.W.3d at 848. It contends, however, that she cannot satisfy the third element—that she did not participate in the dispositive hearing—because an attorney ad litem appeared at that hearing on her behalf.

The Texas Rules of Appellate Procedure provide that "[a] party who did not participate— either in person or through counsel—in the hearing that resulted in the judgment complained of" and did not timely file postjudgment motions or an ordinary notice of appeal may file a notice of restricted appeal. TEX. R. APP. P. 30. As the County notes, one of our sister courts recently dismissed a restricted appeal for want of jurisdiction in a case where an attorney ad litem represented the appellant's interests in a delinquent tax suit. *See Sibley v. City of Freeport*, No. 01-20-00602-CV, 2022 WL 3720137, at *4–6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, pet. denied) (mem. op.). The County argues we should apply *Sibley*'s analysis to dismiss Smith's restricted appeal.

We conclude *Sibley* is distinguishable from these facts. *Sibley* does not indicate that the appellant in that case personally filed an answer or otherwise personally appeared prior to the dispositive hearing. *See generally id.* Here, in contrast, the record shows Smith filed an answer on her own behalf before the dispositive hearing. Indeed, the record appears to show that because Smith filed an answer, the trial court was unwilling to go forward with the original setting of the

dispositive hearing in her absence, even though the attorney ad litem was present for the original setting.

The record also shows that while the trial court approved the statement of the evidence required by Texas Rule of Civil Procedure 244, that document did not include Smith's name among the listed defendants.[4] *See* TEX. R. CIV. P. 244 (when defendant is served by publication, "a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record thereof"); *cf. Sibley*, 2022 WL 3720137, at *4 (noting attorney ad litem in *Sibley* "signed both the judgment and the Statement of Evidence on behalf of Lewis Sibley and [the ad litem's] other clients"). Because a statement of the evidence is mandatory in cases where Rule 244 requires the appointment of an attorney ad litem, *see Montgomery v. R.E.C. Interests, Inc.*, 130 S.W.3d 444, 446–47 (Tex. App.—Texarkana 2004, no pet.), the omission of Smith's name from that document appears to show the trial court believed the attorney ad litem was no longer acting on Smith's behalf by the time it signed the judgment.

"For over half a century," the Texas Supreme Court has required us "to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal." *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also Campsey v. Campsey*, 111 S.W.3d 767, 770 (Tex. App.—Fort Worth 2003, no pet.). On this record, we decline to hold that the attorney ad litem's participation at the dispositive hearing amounted to Smith's own participation so as to jurisdictionally bar her restricted appeal. We therefore deny the County's motion to dismiss this appeal and turn to the final element of a restricted appeal: whether there is error apparent on the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 497.

---

[4] The statement of evidence specified that for the purposes of that document, "the term Defendants refers to" Smith's ten co-defendants in this case.

### *Error Apparent on the Face of the Record*

Smith first argues she did not receive the required notice of the dispositive hearing. We presume that a trial court "will hear a case only when notice has been given to all parties," and a defendant overcomes that presumption "by affirmatively showing lack of notice." *Still v. Kilgore Indep. Sch. Dist.*, No. 12-14-00032-CV, 2015 WL 1393530, at *2 (Tex. App.—Tyler Mar. 25, 2015, no pet.) (mem. op.). "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Campsey*, 111 S.W.3d at 772.

Here, Smith does not identify any part of the record that affirmatively shows she lacked notice of the dispositive hearing. *See id.* Furthermore, as the County notes, the record shows its attorney told the trial court that Smith had been sent notice of the dispositive hearing and instructions for how to virtually participate in that hearing by both mail and e-mail. *See Still*, 2015 WL 1393530, at *2–3 (holding record did not affirmatively show lack of notice to appellant because, inter alia, "[a]t trial, Appellees' attorney claimed that he notified [appellant] of the trial setting"). Because the record does not affirmatively show error regarding Smith's notice of the dispositive hearing, we overrule her first issue. *See id.*

Smith next contends she did not receive timely notice of the final judgment and was therefore denied an opportunity to file post-judgment motions or a notice of ordinary appeal. After the trial court signed the judgment on November 8, 2022, Texas Rule of Civil Procedure 306a(3) required the trial court clerk to "immediately send the judgment . . . to the parties[.]" TEX. R. CIV. P. 306a(3). The record in this case is silent as to whether the clerk did so. Significantly, however, Rule 306a does not require the clerk to record when or if that notice was sent. *See generally* TEX. R. CIV. P. 306a. When "the rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices . . . the absence of proof in the record that notice was provided does

not establish error on the face of the record." *Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam). Where, as here, the record is silent as to when or if a required notice was sent to a party, we may not infer error based on that silent record. *See Alexander*, 134 S.W.3d at 849–50; *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943–44 (Tex. 1991). We therefore overrule Smith's second issue.

## CONCLUSION

We deny the County's motion to dismiss this appeal for want of jurisdiction. Because Smith has not identified any error apparent on the face of the record, we overrule her issues on appeal and affirm the trial court's judgment.

Beth Watkins, Justice