**Linda BARNES, Individually and as next friend of Gregory Barnes, a minor, Appellant,**

v.

**Joseph DOMAIN, Appellee.**

**No. C14–93–00534–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 7, 1994.

Rehearing Denied April 22, 1994.

David Petersen, Houston, for appellant.

Eugene Jones, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

**OPINION**

ROBERTSON, Justice.

This appeal comes to us from the trial court's dismissing appellant's case for want of prosecution and subsequently denying appellant's motion to reinstate the suit. Appellant brings the following three points of error: the trial court's abuse of discretion in dismissing the case for want of prosecution, for taking such action without timely notice, and for denying the motion to reinstate. We will reverse the judgment of the trial court and order that appellant's lawsuit be reinstated.

The underlying lawsuit was for personal injuries sustained in an automobile collision between Gregory Barnes and appellee. The facts leading up to the dismissal are as follows. Appellant was unable to locate appellee to serve process in the personal injury suit and thus proceeded to comply with the rules concerning service by publication by having Judge Hobson sign an order permitting such service. Appellee never appeared in the lawsuit. Appellant's attorney received notice in December 1992 that the case was set for trial on May 3, 1993, and counsel began to prepare for the pre-trial conference scheduled for April 30, 1993. At the conference, the trial court gave notice for the first

time that she was dismissing the case for appellant's failure to appoint an attorney ad litem for the non-appearing appellee. The trial court also denied appellant's request at that time for a continuance to comply with this rule. Appellant later moved the court to appoint an attorney ad litem and also submitted a motion to reinstate the lawsuit. The trial court denied the motion to reinstate. However, the dismissal order states as the reason for the dismissal appellant's failure to appear at the pre-trial conference.

 We have no doubt that the trial court's action in dismissing the lawsuit for the stated reason of failing to appear at the pre-trial conference was an abuse of discretion. An abuse of discretion will be found when an action of the trial court is arbitrary or capricious, without any reasonable basis in law. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). A record exists showing not only appellant's presence at the pre-trial conference but also dialogue between appellant and the trial court concerning the procedural matter of the appointment of the attorney ad litem. Therefore, given the reason stated in the dismissal order and the clear evidence in the record demonstrating the erroneousness of the reasoning, we find the trial court's dismissal of the lawsuit to have been arbitrary and without any legal foundation. Point of error one is sustained. Having found reason for reversal on this point, we do not address appellant's remaining points of error going to the same substantive matter.

However, we also wish to address briefly the trial court's erroneous interpretation of rule 244 of the Texas Rules of Civil Procedure. The rule states that where service is by publication, "the court *shall* appoint an attorney to defend the suit in behalf of the defendant." TEX.R.CIV.P. 244 (emphasis added). Neither the case law nor the language of the rule itself reveals any indication that the burden is on the attorney to move the court to make such appointment. *See Aldine Indep. School Dist. v. Moore,* 694 S.W.2d 454, 454–55 (Tex.App.—Houston [1st Dist.] 1985, no writ) (noting trial court's authority to appoint attorney ad litem on motion from attorney stating location of defen-

dant unknown); *Albin v. Tyler Prod. Credit Ass'n,* 618 S.W.2d 96, 98 (Tex.Civ.App.—Tyler 1981, no writ) (stating trial court's failure to adhere strictly with rule and appoint attorney ad litem constituted reason for reversal on appeal); *Fleming v. Hernden,* 564 S.W.2d 157, 158 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.) (discussing rights of defendants where *trial court had appointed* attorney ad litem). Because the trial court appears to bear the burden and obligation of appointing the attorney ad litem, we find the trial court's reasoning erroneous in this respect as well.

The judgment of the trial court is reversed and remanded for reinstatement of the lawsuit.