**Affirmed and Memorandum Opinion filed July 1, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01146-CV

### BANK OF AMERICA, N.A., Appellant

### V.

### JUAN M. GALLEGOS AND CHRISTINE S. ROWE, Appellees

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2011-04351**

## M E M O R A N D U M   O P I N I O N

Appellant Bank of America, N.A. appeals the trial court's dismissal of its case for want of prosecution. In two issues, which we address together, Bank of America contends the trial court abused its discretion in dismissing the case because the court had the burden to appoint an attorney ad litem to represent one of the two defendants and failed to do so. Because the trial court did not clearly abuse its discretion in concluding that Bank of America has not reasonably

explained its failure to appear for trial, we affirm.

## BACKGROUND

In August 2002, Juan M. Gallegos and Christine S. Rowe made, executed, and delivered a promissory note and deed of trust to Bank of America. The note provided for Gallegos and Rowe to make payments to Bank of America on all principal and interest. The deed of trust secured the note by granting a lien on certain real property.

Bank of America demanded payment on the note when Gallegos and Rowe defaulted. After obtaining a default judgment against both Gallegos and Rowe for the amount owed on the note, Bank of America filed the underlying petition for judicial foreclosure on the property described in the deed of trust.

Bank of America properly served Gallegos with citation and a copy of Bank of America's petition. Gallegos subsequently filed his original answer in August 2011.

Bank of America unsuccessfully attempted to serve Rowe between April 2011 and March 2012. On April 4, 2012, the trial court signed an order permitting Bank of America to serve Rowe by publication. Bank of America published the notice in June and July 2012, but Rowe never filed an answer. In early September 2012, Bank of America filed a Motion for Appointment of Attorney Ad Litem to represent Rowe and a motion for continuance of the pending September 17, 2012 trial setting. The trial court did not make the appointment. Bank of America failed to appear for the hearing on its motion for continuance and the trial court denied the continuance.

On September 24, 2012, the trial court called the suit to trial. Mr. R. Scott Wolfrom advised the trial court that he was appearing for Bank of America "only

2

for the pretrial matter"; that is, Mr. Wolfrom appeared for Bank of America solely to urge its motion for rehearing on the continuance. The trial court denied the motion for rehearing. The trial court then stated: "The case is called to trial. Is anybody here for Plaintiff or Defendant? No one? All right. The case is dismissed for want of prosecution, costs of court to be paid by party incurring same." The order dismissing the case expressly stated that the dismissal was because no party announced ready or made an appearance.

Bank of America filed a motion to reinstate the case on October 12, 2012. In the motion, Bank of America argued that it was impossible for it to proceed to trial because the court failed to appoint an attorney ad litem for Rowe. The trial court denied Bank of America's motion, and this appeal followed.

## ANALYSIS

Bank of America argues that the trial court clearly abused its discretion when it dismissed Bank of America's petition for want of prosecution due to its failure to appear and announce ready for trial. It does not challenge the denial of its motion for continuance or the denial of the motion for rehearing on the continuance. It also does not challenge whether the trial court gave proper notice of dismissal, nor does it challenge the trial court's denial of its motion to reinstate. Because Bank of America provided no explanation for its failure to appear at trial, we conclude that the trial court did not clearly abuse its discretion.

## I. Standard of review and applicable law

The decision to dismiss a suit for want of prosecution rests in the sound discretion of the trial court, and we review that decision to determine whether the court clearly abused its discretion. *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957); *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300 (Tex. App.—Houston

3

[14th Dist.] 1992, no writ). A trial court abuses its discretion if it misinterprets or misapplies the law or acts arbitrarily or unreasonably. *See Tanglewood Homes Ass'n v. Feldman*, No. 14-11-01088-CV, 2014 WL 1711198, at \*22 (Tex. App.— Houston [14th Dist.] April 30, 2014, no pet. h.).

Texas Rule of Civil Procedure 165a expressly authorizes trial courts to dismiss a case for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex. R. Civ. P. 165a(1). Unless there is "good cause for the case to be maintained on the docket," the court shall dismiss for want of prosecution at a dismissal hearing. *Id.*

In this case, there was no dismissal hearing prior to the dismissal itself. But this Court and other courts have recognized that a motion to reinstate provides the same hearing with the same burden of proof that a plaintiff would receive under the "good cause" standard for dismissal. *See Texas Sting, Ltd. v. R.B. Foods, Inc.*, 82 S.W.3d 644, 648 (Tex. App.—San Antonio 2002, pet. denied); *Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). When a motion to reinstate is filed, the court shall reinstate the case upon finding "that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex. R. Civ. P. 165a(3). This standard is also "essentially the same as that for setting aside a default judgment." *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995).

Under this standard, "a failure to appear is not intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification." *Id.* An adequate justification, such as accident, mistake, or another reasonable explanation, negates the intent or conscious indifference grounds that would otherwise cause a motion seeking reinstatement to be denied.

4

*Id.*

**II.     The trial court did not clearly abuse its discretion in dismissing for want of prosecution because Bank of America provided no explanation for failing to appear for trial.**

Here, the trial court's dismissal order states that it dismissed the case for want of prosecution because Bank of America did not announce ready or make an appearance after the court called the suit to trial.  In both its motion to reinstate and its brief on appeal, Bank of America's only proposed justification for failing to appear at trial was the trial court's failure to appoint an attorney ad litem for Rowe.

Bank of America is correct in stating that when, as here, a defendant served by publication does not file an answer, the trial court must appoint an attorney ad litem to defend the suit on behalf of that defendant.  Tex. R. Civ. P. 244; *Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992).  There is no burden on a plaintiff to move the court to make the appointment.  *Barnes v. Domain*, 875 S.W.2d 32, 33 (Tex. App.—Houston [14th Dist.] 1994, no writ).

In this case, however, the trial court explicitly dismissed the case for want of prosecution because Bank of America failed to appear for trial.  Unlike *Barnes*, upon which Bank of America relies, the record shows that Bank of America chose not to appear for trial or to send a representative to appear for all purposes at the trial setting.  And, unlike *Barnes*, there is nothing in this record to suggest that the trial court dismissed the cause for a failure by Bank of America to seek appointment of an attorney ad litem.  Rather, the trial court dismissed the case for Bank of America's failure to appear for a trial setting.  Nothing in *Barnes*, or any other authority provided by Bank of America, suggests that a party may unilaterally ignore a trial setting when the trial court has failed to appoint an attorney ad litem for an absent defendant.   Appellant's proffered "justification"

5

was an explanation for why the trial court should have granted the continuance. But Bank of America does not challenge the trial court's orders denying its continuance, so we need not determine whether a trial court would abuse its discretion in denying a continuance of trial despite its failure to appoint an attorney ad litem.

In summary, while the trial court did not appoint an attorney ad litem for Rowe as Rule 244 required, this failure in no way justifies Bank of America's failure to appear at trial. *See Texas Sting, Ltd.*, 82 S.W.3d at 649-50 (trial court did not abuse discretion in dismissing case due to plaintiff's failure to prosecute diligently when only evidence challenging dismissal involved trial court's failure to comply with notice requirements, rather than evidence of diligent prosecution).

Bank of America offers no reason why it failed to appear for trial and, for example, prove its entitlement to a post-answer default judgment against the absent, properly served Gallegos. *See* Tex. R. Civ. P. 240; *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Instead, it only attempts to shift the blame to the trial court for its strategic decision not to appear for trial. But Bank of America had the burden to provide good cause for maintaining this case on the docket—that is, a reasonable explanation for failing to appear at a trial. Tex. R. Civ. P. 165a(1), (3); *Smith*, 913 S.W.2d at 468. Given its failure to provide any reason why it did not appear to seek judgment against Gallegos, the trial court did not clearly abuse its discretion in concluding that Bank of America failed to meet its burden.

## CONCLUSION

For these reasons, we hold that the trial court did not clearly abuse its discretion in dismissing the case for want of prosecution. Accordingly, we

6

overrule Bank of America's issues on appeal and affirm the trial court's dismissal.

/s/    J. Brett Busby
         Justice

Panel consists of Justices McCally, Busby, and Brown.