**Reversed and Remanded and Opinion filed September 30, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00974-CV

_____

## GLOBAL PARAGON DALLAS, LLC AND ILAN ZELNIK, Appellants

## V.

## SBM REALTY, LLC, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2013-01380**

### O P I N I O N

In this interlocutory appeal, appellants Global Paragon Dallas, LLC and Ilan Zelnik (collectively "Global Paragon") challenge the trial court's order granting a special appearance filed by appellee SBM Realty, LLC. Global Paragon contends the trial court erred in granting the special appearance because (1) SBM Realty waived its special appearance, and (2) Global Paragon had pleaded sufficient facts to establish specific jurisdiction over SBM Realty. We hold that the grant was

erroneous because SBM Realty entered a general appearance by obtaining a ruling on its motion for new trial—an action inconsistent with its assertion that the trial court lacked jurisdiction. Accordingly, we need not decide whether Global Paragon established specific jurisdiction. We reverse the order granting the special appearance and remand the case to the trial court for further proceedings.

## BACKGROUND

Global Paragon sued SBM Realty, Alon Solomon ("Solomon"), and Yael Solomon in district court in Harris County on January 8, 2013. Global Paragon alleged that Solomon had unlawfully obtained funds from Global Paragon through fraud and in violation of his fiduciary duty to Global Paragon, used the wrongful gains to purchase property in North Carolina, and then fraudulently transferred the North Carolina property to SBM Realty. Global Paragon alleged that SBM Realty was an entity owned or controlled in whole or part by Solomon.[1]

The trial court signed an order permitting substituted service on SBM Realty and the other defendants on February 8. On June 17, Global Paragon filed a motion for default judgment. The trial court granted a default judgment in favor of Global Paragon on June 24, and it signed an amended default judgment on July 8.[2]

On July 23, SBM Realty filed (1) a special appearance; (2) a motion to vacate default judgment and for new trial, subject to its special appearance;[3] and

---

[1] Global Paragon filed a first amended petition on October 3, in which it additionally alleged that there was no legitimate business purpose for the transfer of the North Carolina property, and that SBM Realty was "an insider" to the fraudulent transaction. The theories alleged by Global Paragon included fraud, fraud in a real estate transaction, breach of fiduciary duty, conversion, unjust enrichment, declaratory judgment, defalcation, constructive trust/equitable lien, and fraudulent transfer.

[2] The amended judgment added an exhibit that had been inadvertently excluded.

[3] The motion stated that it was "expressly subject to and without waiver of the special appearance."

(3) a notice that an oral hearing on its motion to vacate default judgment and for new trial would occur on August 2. Solomon also filed a motion for new trial and to set aside the default judgment.

SBM Realty's special appearance alleged that Global Paragon had not met its initial burden of pleading sufficient allegations to invoke personal jurisdiction over SBM Realty. SBM Realty contended that the court had neither specific nor general jurisdiction over it for Global Paragon's claims, that Global Paragon had failed to allege a purposeful act or transaction by SBM Realty that gave rise to a cause of action, and that the suit offended traditional notions of fair play and substantial justice.

SBM Realty's motion for new trial contended it was entitled to a new trial on the basis of Global Paragon's insufficient jurisdictional allegations and, in the alternative, that SBM Realty was entitled to a new trial under the factors articulated in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939). SBM Realty also filed a supplemental motion to vacate default judgment and for new trial on July 24, adding contentions that a new trial was warranted because the court had awarded unliquidated damages without adequate evidence or an evidentiary hearing, and that the court erred by rendering a judgment that provided Global Paragon with a double recovery.

On August 2, the trial court held the noticed hearing. The court observed that there were multiple motions pending and noted that "[w]e have a special appearance, so we'll handle that first." SBM Realty's counsel responded that "[i]t's just the motion for a new trial," to which the trial court replied "[a]ll right."

Later that day, the trial court signed orders vacating the amended default judgment and granting a new trial to SBM Realty and the other defendants. SBM Realty filed a notice on August 20 that an oral hearing on its special appearance

3

would occur on October 4. Global Paragon filed a response to SBM Realty's special appearance on October 2. Global Paragon contended that SBM Realty had waived its special appearance by failing to comply strictly with the due order of pleading requirements of Rule 120a of the Texas Rules of Civil Procedure.[4]

At the October 4 hearing on the special appearance, Global Paragon contended that a defendant enters a general appearance when, as here, he is "presented with an opportunity to basically have the special appearance ruled on and addressed first before he proceed[s] with the motion for a new trial [but] decline[s] to do so." SBM Realty contended that because its announcement for trial in its motion to set aside the default judgment and for new trial was expressly made subject to its special appearance, it had not made a general appearance. SBM Realty emphasized that a defendant "should not be in a position where [it] cannot challenge a default judgment because [it] want[s] to preserve the special appearance."

The trial court signed an order granting SBM Realty's special appearance on October 8. The trial court also denied Global Paragon's motion for reconsideration of the special appearance. Global Paragon filed a notice of interlocutory appeal, and this appeal followed.[5] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7).

---

[4] In the alternative, Global Paragon requested a continuance so the parties could conduct jurisdictional discovery.

[5] We note that after granting SBM Realty's special appearance based on lack of personal jurisdiction, the trial court also granted a motion to dismiss filed by SBM Realty based on lack of subject-matter jurisdiction. Because this is an interlocutory appeal of the special appearance, the trial court's interlocutory determination that it lacked subject-matter jurisdiction—which did not dispose of all pending claims against all parties—is not before us. We therefore do not consider and express no opinion on the merits of SBM Realty's motion to dismiss.

4

Global Paragon contends in its first issue that SBM Realty waived its special appearance because it was heard and determined nearly two months after its motion for new trial was heard and determined, and thus the trial court erred in granting the special appearance. We agree.

## I. We review de novo whether SBM Realty waived its special appearance by failing to comply with Rule 120a.

Texas courts may exercise *in personam* jurisdiction over a nonresident consistent with federal constitutional requirements of due process. *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). The requirement that a court have personal jurisdiction is waivable, however, and "there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." *Conner v. ContiCarriers and Terminals, Inc.*, 944 S.W.2d 405, 415 (Tex. App.—Houston [14th Dist.] 1997, no writ) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). We review a trial court's ruling regarding a party's waiver of the personal jurisdiction requirement under a de novo standard of review. *Moore v. Pulmosan Safety Equip. Corp.*, 278 S.W.3d 27, 32 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

A party is considered to have entered a general appearance and therefore consented to personal jurisdiction when the party "(1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). Texas Rule of Civil Procedure 120a provides a special appearance procedure by which a non-resident defendant may "challenge a court's jurisdiction without voluntarily subjecting

himself to the jurisdiction of the court or waiving any objections to the court's actions." *Conner*, 944 S.W.2d at 409.

Rule 120a requires that "[s]uch special appearance shall be . . . filed prior to . . . any other plea, pleading or motion,"[6] and that any special appearance "shall be heard and determined before . . . any other plea or pleading may be heard."[7] Tex. R. Civ. Proc. 120a. Courts sometimes refer to these requirements as the due-order-of-pleading requirement and the due-order-of-hearing requirement. *See*, *e.g.*, *Exito Elecs. Co.*, 142 S.W.3d at 305 (discussing the due-order-of-pleading requirement); *Trenz v. Peter Paul Petroleum Co.*, 388 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (discussing the due-order-of-pleading and due-order-of-hearing requirements); *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133-34 (Tex. App.—Dallas 2011, no pet.) (same).

A party who does not strictly comply with both requirements waives its special appearance and consents to personal jurisdiction. Tex. R. Civ. P. 120a ("Every appearance, prior to judgment, not in compliance with this rule is a general appearance."); *Seeley v. Seeley*, 690 S.W.2d 626, 627–28 (Tex. App.—Austin 1985, no writ) ("An individual who challenges the court's jurisdiction by filing a special appearance must follow strictly the provisions of Rule 120a to avoid making a general appearance."). Thus, in *Liberty Enterprises, Inc. v. Moore Transportation Co.*, 690 S.W.2d 570, 571–72 (Tex. 1985), because the defendant

---

[6] The rule also permits other pleas, pleadings, and motions to be "contained in the same instrument or filed subsequent thereto." Tex. R. Civ. P. 120a. "The rule makes matters in the same instrument and subsequent matters subject to the special appearance without an express statement to that effect for each matter." *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

[7] The rule permits a safe harbor for "[t]he issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes," none of which will constitute a waiver of the special appearance. Tex. R. Civ. P. 120a; *Lisitsa v. Flit*, 419 S.W.3d 672, 678 (Tex. App.—Houston [14th Dist.] 2013, pet. filed).

(1) announced in its motion for new trial that it was "ready to try [the] case when it is properly set for trial," and (2) agreed to the court's order reinstating the cause of action, the Supreme Court of Texas held that the defendant's affirmative actions constituted a general appearance. *Id.* (citing *St. Louis & S.F.R. Co. v. Hale*, 206 S.W. 75 (1918)).

The relevant inquiry "is not what a court does in response" to the defendant's action, but "whether a defendant truly seeks any affirmative action from the court" by that action. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 276 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also St. Louis & S.F.R. Co.*, 206 S.W. at 75 ("It is not the fact that the motion to quash a citation or service is sustained which operates as an appearance, but it is the fact that a defendant appears and asks an adjudication, which makes the appearance." (internal quotation marks omitted)). A defendant may "obtain[] a hearing on a motion that only seeks relief appurtenant to his special appearance" without waiving his special appearance, but a defendant enters a general appearance if he "obtains a hearing on a motion that seeks affirmative relief unrelated to his special appearance before he obtains a hearing and ruling on his special appearance." *Trenz*, 388 S.W.3d at 802. The court must determine whether the relief requested by the defendant is inconsistent with the assertion that the court lacks jurisdiction. *Dawson-Austin*, 968 S.W.2d at 323.

## II.    SBM Realty waived its special appearance by first obtaining a ruling on its motion for new trial.

Applying these principles in the default judgment context, some Texas courts have recommended "that if a non-resident defendant discovers a default judgment was entered, he should file a special appearance and then a motion for new trial *subject to his special appearance*." *Puri v. Mansukhani*, 973 S.W.2d

701, 707 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding that the "appellant did not make the same unqualified representation that he was ready to go to trial that was found in *Liberty Enterprises*"). Courts have also permitted "the setting of [a] motion for new trial for hearing on the same day as the special appearance" without the action constituting a general appearance. *Lang v. Capital Res. Invs., I, LLC*, 102 S.W.3d 861, 864 (Tex. App.—Dallas 2003, no pet.); *see also Silbaugh v. Ramirez*, 126 S.W.3d 88, 94 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that merely setting a motion for hearing did not waive the special appearance when the "motion was never heard or ruled on by the trial court").

But a party who "obtain[s] and participat[es] in hearings on requests for affirmative relief from the trial court before obtaining a ruling on his special appearance" violates rule 120a and waives his challenge to personal jurisdiction. *Trenz*, 388 S.W.3d at 803. *Compare Dawson-Austin*, 968 S.W.2d at 323 (noting that party challenging personal jurisdiction did not herself raise any of the matters at the hearing but rather "reurged [her] motion for continuance throughout the hearing") *and Lang*, 102 S.W.3d at 865 ("[Defendant] did not participate in the hearing on the motion for new trial and objected to the trial court's decision to proceed on the motion for new trial prior to ruling on the special appearance.") *with Landry v. Daigrepont*, 35 S.W.3d 265, 268 (Tex. App.—Corpus Christi 2000, no pet.) ("Even though [defendant] acknowledged that the special appearance 'need[ed] to precede' any ruling on the motion for new trial, the record reflects that he proceeded to argue the motion for new trial before the court ruled on the special appearance.").

Other than strictly following the procedure for challenging personal jurisdiction in Rule 120a, a "non-resident defendant [has] only two options: he [can] either appear and consent to jurisdiction or allow a default judgment to be taken against him and attack the Texas judgment as being void if the plaintiff brought suit in the defendant's state to enforce the judgment." *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985).

Here, SBM Realty violated Rule 120a's due-order-of-hearing requirement and entered a general appearance because it obtained a ruling on its motion for new trial before obtaining a ruling on its special appearance. *See Landry*, 35 S.W.3d at 268. SBM Realty contends that its "actions have been completely *consistent* with the assertion that the trial court lacks jurisdiction." To the contrary, a motion for new trial is an acknowledgment of the court's jurisdiction and a request to invoke the court's authority.[8] Moreover, although SBM Realty's motion to vacate default judgment and for new trial contains arguments that overlap to some extent with the arguments in its special appearance, its July 24 supplemental motion for new trial addresses the merits of the default judgment's award of unliquidated damages and contends that the judgment provides a double recovery. This challenge to the trial court's award seeks affirmative relief that the court could grant only if it had jurisdiction. *See Shapolsky v. Brewton*, 56 S.W.3d 120, 140 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding party waived special appearance by seeking relief "at least partially unrelated to" special appearance); *see also SBG Dev. Servs., L.P. v. Nurock Group, Inc.*, No. 02-11-00008-CV, 2011 WL 5247873, at *3 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (holding party waived special

---

[8] *See, e.g., Boyo v. Boyo*, 196 S.W.3d 409, 418 (Tex. App.—Beaumont 2006, no pet.) ("When a party asks a court to set aside a judgment, that request is treated generally as a submission to the jurisdiction of the Courts of this State."); *Anderson v. Anderson*, 786 S.W.2d 79, 81 (Tex. App.—San Antonio 1990, no writ) ("A motion for new trial seeks to invoke the authority of the court, while the special appearance necessarily challenges that same authority.").

appearance by choosing to have motion to strike pleadings heard first where motion was "not limited to" defects in jurisdictional allegations and sought dismissal for reasons other than court's purported lack of jurisdiction).

Indeed, if SBM Realty's sole aim had been to vitiate the judgment on the ground that the trial court lacked personal jurisdiction over it, it did not need to seek a ruling on its motion for new trial first—a favorable ruling on its special appearance would also have had the desired effect. We recognize that the motion for new trial would have been overruled by operation of law 75 days after the trial court's amended default judgment was signed, and the trial court would have lost plenary power to rule on the special appearance 30 days later, *see* Tex. R. Civ. P. 329b(c), (e), but there is no indication in our record that the parties were unable to complete any necessary jurisdictional discovery and obtain a ruling within these periods.[9]

SBM Realty also contends that because it filed its motion for new trial subject to and without waiver of the special appearance, its facts fall squarely within our decision in *Puri v. Mansukhani*, and therefore all of its subsequent actions were also subject to and without waiver of the special appearance. But SBM Realty's initial compliance with the due-order-of-pleading requirement does not mean that it also complied with the due-order-of-hearing requirement. Although we agree with SBM Realty that by making its motion for new trial subject to its special appearance, it did "not make the same unqualified

---

[9] Thus, this case does not present a situation in which the trial court—either on its own motion or at the behest of a party other than a specially appearing defendant—sets aside a default judgment or grants a new trial, thereby providing more time for jurisdictional discovery concerning the special appearance. *Cf. Lang*, 102 S.W.3d at 864 –65 (holding defendant did not waive special appearance when trial court ruled on motion for new trial over his objection); *Myers v. Emery*, 697 S.W.2d 26, 29 (Tex. App.—Dallas 1985, no writ) (holding defendant did not waive special appearance when trial court set aside default judgment on its own motion).

10

representation that [it] was ready to go to trial that was found in *Liberty Enterprises*," *Puri*, 973 S.W.2d at 707, such an announcement is not the only action capable of constituting a general appearance.

Many courts of appeals have confronted facts similar to those here, and each has held that a party waives its special appearance by seeking and obtaining a hearing on a motion for new trial and securing a ruling on that motion before the special appearance is determined. *E.g., Phoenix Fireworks Mfg., Inc. v. DM Plastics, Inc.*, No. 04-98-00209-CV, 1998 WL 354927, at *3 (Tex. App.—San Antonio June 30, 1998, no pet.) (not designated for publication); *Clements v. Barnes*, 822 S.W.2d 658, 659–60 (Tex. App.—Corpus Christi 1991), *rev'd on other grounds*, 834 S.W.2d 45 (Tex. 1992); *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 437 (Tex. App.—Austin 1984, no writ). For example, the Thirteenth Court of Appeals held in *Landry v. Daigrepont* that a party waived its special appearance by proceeding to argue its motion for new trial before the court issued a ruling on the special appearance. *Landry*, 35 S.W.3d at 268.

SBM Realty contends *Landry* is inapposite because *Landry* relied on *Liberty Enterprises*, a case that was distinguished in *Puri*. We do not find *Landry* inconsistent with the distinction we articulated in *Puri*, however. The supreme court rested its holding in *Liberty Enterprises* on two acts by the defendant. The court held that the defendant's acts—announcing that it was ready to try the case when it was properly set and agreeing to the court's order reinstating the cause of action—were inconsistent with its assertion that the trial court lacked jurisdiction. *Liberty Enters., Inc.*, 690 S.W.2d at 571–72. *Puri* distinguished *Liberty Enterprises* because the defendant in *Puri* had not made the same unqualified representation that he was ready to go to trial, having made his announcement subject to and without waiver of his special appearance. *Puri* therefore stands for

11

the proposition that a party may announce ready subject to its special appearance and the announcement will not be considered inconsistent with the assertion that the trial court lacks jurisdiction. *See Puri*, 973 S.W.2d at 707.

*Puri* does not hold, however, that *so long as* a party announces ready subject to its special appearance, none of its subsequent actions will constitute a general appearance. Thus, *Landry*'s determination that actions other than filing the motion may be inconsistent with contesting jurisdiction does not conflict with *Puri*.

Here, Global Paragon does not contend that SBM Realty's filing of the motion for new trial itself constituted a general appearance. Rather, Global Paragon asserts that SBM Realty made a general appearance by setting its motion for hearing, urging the court to grant a new trial at the hearing, and supplying a form order granting the motion, which the trial court signed. These affirmative actions are similar to the defendant's act in *Liberty Enterprises* of "agree[ing] to the court's order reinstating the cause of action" and thereby "submit[ing] to the court's jurisdiction." 690 S.W.2d at 571.

It is these subsequent actions by SBM Realty that distinguish this case from *Puri*. The defendant in *Puri* filed a motion for new trial prior to obtaining a ruling on his special appearance, but neither argued nor obtained a ruling on the motion. *Puri*, 973 S.W.2d at 706 ("[Defendant's] counsel was not prepared to go forward on a hearing on appellant's motion for new trial after the special appearance concluded. [Defendant's] counsel indicated [he] wanted a hearing, but none had been requested . . ."). In contrast, SBM Realty set a hearing for its motion for new trial, argued its motion, and was granted a new trial, all before it even set a hearing for its special appearance. *Cf. Lang*, 102 S.W.3d at 865 (observing that although defendant set a hearing on his motion for new trial the same day as a hearing on his special appearance, defendant "objected [at the hearing] to the trial court's decision

to proceed on the motion for new trial prior to ruling on the special appearance"); *Silbaugh*, 126 S.W.3d at 94 ("Th[e] motion was never heard or ruled on by the trial court.").

Unlike *Dawson-Austin v. Austin*, in which the defendant "did not ask the district court for a hearing on any of the matters she filed," 968 S.W.2d at 323, the trial court's granting of SBM Realty's motion for new trial in this case was in response to SBM Realty's own request. Although SBM Realty's motion for new trial stated that it was subject to the special appearance, by seeking and obtaining a ruling on the motion for new trial before even setting the hearing on its special appearance, SBM Realty did not treat that motion as subject to its special appearance. Further, nothing in our record suggests that the trial court and Global Paragon compelled SBM Realty to address and obtain a ruling on the motion for new trial first. *Cf. id.* (noting that the defendant "reurged [her] motion for continuance throughout the hearing" that that the plaintiff had requested and took place prior to a ruling on the special appearance). SBM Realty itself set the hearing on its motion for new trial in advance of the special appearance, and argued its entitlement to relief on non-jurisdictional grounds.

For these reasons, we hold that SBM Realty entered a general appearance by obtaining a ruling from the trial court on its motion for new trial prior to obtaining a ruling on its special appearance. We therefore sustain Global Paragon's first issue on appeal.

## CONCLUSION

Because the trial court erred in granting SBM Realty's special appearance after SBM Realty had entered a general appearance, we reverse the trial court's order granting the appearance and remand the case to the trial court for further proceedings.

/s/         J. Brett Busby
               Justice

Panel consists of Justices Boyce, Busby, and Wise.