**Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed May 6, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00764-CV

---

## KOMERICA POST, LLC AND DONG WOOK YANG, Appellants

## V.

## JAI SUNG BYUN AND AESUK KIM BYUN, Appellees

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2016-12612**

---

## M E M O R A N D U M   O P I N I O N

Appellees Jai Sung Byun and Aesuk Kim Byun (the "Byuns") sued Appellants Komerica Post, LLC and Dong Wook Yang (together, "Komerica") for defamation. After the trial court ruled on several of Komerica's pending motions and pleas, Komerica filed this interlocutory appeal. For the reasons below, we dismiss the appeal in part and affirm in part.

## BACKGROUND

Komerica Post, LLC is a Korean language newspaper and Yang is its managing editor. In February 2016, Jai Sung Byun sued Komerica and asserted a claim for defamation. Komerica moved to dismiss the claim pursuant to the Texas Citizens Participation Act (the "TCPA"). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011. The trial court granted in part Komerica's motion to dismiss the defamation claim to the extent the claim was based on Komerica's statements regarding Jai Sung Byun's criminal history and education. The trial court's ruling did not address Jai Sung Byun's defamation claim premised on Komerica's statements that Jai Sung Byun committed adultery.

In September 2016, Jai Sung Byun filed a second amended petition and added a defamation claim on behalf of his wife, Aesuk Kim Byun. In response, Komerica filed a first amended answer, counterclaim, and request for disclosure.

Approximately one year later, Komerica filed numerous motions and pleas including:

- a motion for a new docket control order;
- a no-evidence summary judgment motion;
- a motion to rule on the no-evidence summary judgment motion;
- a "Plea in Bar" as to Aesuk Kim Byun's claims, asserting she did not properly serve Komerica with process;
- a special appearance and plea to the jurisdiction asserting that, because Aesuk Kim Byun did not properly serve Komerica with process, the trial court lacked jurisdiction over Komerica with respect to her claims;
- a second amended and first supplemental plea in bar; and
- a trial brief on res judicata, arguing the Byuns' claims were barred by the trial court's earlier rulings.

2

The trial court signed three orders with respect to Komerica's motions and pleas.

In its September 23, 2019 order, the trial court stated that Komerica's no-evidence summary judgment motion "was never properly set before the Court and hence the Court will not be rendering any type of ruling on the motion until such time that is it properly set."

In its October 1, 2019 order, the trial court stated that Komerica's special appearance was "a motion complaining of lack of service." Concluding this argument was waived because Komerica made a general appearance in the case, the trial court denied Komerica's special appearance.

On October 2, 2019, the trial court signed an "Order on [Komerica's] Pleas in Bar, Plea to the Jurisdiction, Alleged Special Appearance and Request for Sanctions." The trial court denied Komerica's requested relief and concluded that Komerica's "numerous pleas were filed for purposes of delay and harassment." The trial court assessed against Komerica and its attorney $1,500 in sanctions. Komerica filed an interlocutory appeal pursuant to section 51.014 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014.

## ANALYSIS

Komerica raises three issues on appeal:

1. challenging the trial court's ruling on its special appearance, Komerica argues that Aesuk Kim Byun did not effect service of process and that her claims were outside the applicable statute of limitations;

2. the trial court erred by "refusing to rule" on Komerica's no-evidence summary judgment motion; and

3. the trial court erred by assessing sanctions against Komerica and its attorney.

3

Before turning to these issues, we begin by analyzing our jurisdiction with respect to Komerica's interlocutory appeal.

## I.        Interlocutory Jurisdiction

In general, Texas appellate courts have jurisdiction only over final judgments. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 92 (Tex. 2012). However, an exception to this rule exists when a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We strictly construe statutes authorizing interlocutory appeals because they comprise a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 887 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

Here, Komerica asserts its interlocutory appeal is permissible under three subsections in Texas Civil Practice and Remedies Code section 51.014:

(a) A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that:

*          *          *

(6)    denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73;

(7)    grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure[;]

*          *          *

(12)   denies a motion to dismiss filed under Section 27.003 [of the TCPA.]

4

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(6), (7), (12).

Beginning with subsection (6), we conclude it does not confer interlocutory jurisdiction over Komerica's appeal because it applies only to denials of certain summary judgment motions. The trial court's September 23 order is the only one addressing Komerica's summary judgment motion. But the trial court did not rule on Komerica's summary judgment motion in the order — rather, the trial court explicitly stated that it was not rendering a ruling because the summary judgment motion was not properly set. Therefore, subsection (6) does not authorize an interlocutory appeal because the trial court did not deny Komerica's motion for summary judgment. *See id*. § 51.014(a)(6).

Komerica also contends this court has jurisdiction under subsection (7) based on the trial court's denial of its special appearance. The trial court denied Komerica's special appearance in its October 1 and October 2 orders; therefore, we have jurisdiction to consider Komerica's appeal with respect to this issue. *See id*. § 51.014(a)(7).

Finally, Komerica contends this court has jurisdiction under subsection (12), which permits an interlocutory appeal from the denial of a TCPA motion to dismiss. Komerica's issues on appeal, however, do not arise from the denial of a TCPA motion to dismiss. Moreover, the trial court's order granting and denying Komerica's TCPA motion to dismiss was signed approximately three years before Komerica filed its notice of interlocutory appeal. Komerica's notice of appeal was well outside the 20-day deadline to appeal from the denial of a TCPA motion to dismiss. *See id*. § 27.008(b) (an interlocutory appeal from the denial of a TCPA motion to dismiss is an accelerated appeal); Tex. R. App. P. 28.1 (in an accelerated appeal, notice of appeal must be filed within 20 days of the judgment or order). Accordingly, this subsection does not establish our jurisdiction over Komerica's

appeal.

Therefore, we (1) consider only those issues raised with respect to the trial court's denial of Komerica's special appearance and (2) lack jurisdiction to consider the other issues Komerica raises on appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a); *Round Table Physicians Grp., PLLC*, 607 S.W.3d at 887.

## II.    Komerica's Special Appearance

Under Texas Rule of Civil Procedure 120a, a nonresident defendant may challenge a trial court's exercise of personal jurisdiction by filing a special appearance. *See* Tex. R. Civ. P. 120a(1). Rule 120a requires a defendant to file a special appearance before filing any other plea, pleading, or motion; if the defendant fails to follow this due-order-of-pleading requirement, the defendant waives personal jurisdiction and enters a general appearance. *See id*. A defendant enters a general appearance if it "invokes the judgment of the court on any question other than the court's jurisdiction or recognizes by its acts that an action is properly pending against it." *Kehoe v. Pollack*, 526 S.W.3d 781, 789 (Tex. App.— Houston [14th Dist.] 2017, no pet.). Such an appearance waives a defendant's challenge to personal jurisdiction. *See Glob. Paragon Dallas, LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 612 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

We conclude Komerica waived its Rule 120a special appearance. Komerica's special appearance challenged the trial court's jurisdiction with respect to the claims asserted against it by Aesuk Kim Byun. But before raising this jurisdictional challenge, Komerica repeatedly sought substantive relief from the trial court with respect to the Byuns' suit. Aesuk Kim Byun was added as a plaintiff in September 2016 via the Byuns' second amended petition. In June 2018, Komerica responded to the Byuns' second amended petition with its "First Amended Answer, Counterclaim, and Request for Disclosure." Before filing its

6

special appearance in September 2019, Komerica filed (1) a motion for a new docket control order, (2) a no-evidence summary judgment motion challenging the Byuns' defamation claims, and (3) a motion requesting the trial court rule on its no-evidence summary judgment motion. Accordingly, Komerica failed to follow the due-order-of-pleading requirement as necessary to challenge jurisdiction via a special appearance. *See* Tex. R. Civ. P. 120a(1); *Kehoe*, 526 S.W.3d at 789.

We overrule Komerica's interlocutory appeal challenging the trial court's denial of its special appearance.

## CONCLUSION

For the reasons explained above, we lack jurisdiction to consider Komerica's interlocutory appeal with respect to the trial court's (1) "refusal to rule" on Komerica's no-evidence summary judgment motion, and (2) order assessing sanctions against Komerica and its attorney. Therefore, we dismiss these portions of Komerica's appeal for lack of jurisdiction.

We affirm the trial court's denial of Komerica's special appearance.

/s/ Meagan Hassan
   Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan.

7