**Affirmed and Memorandum Opinion filed January 12, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00649-CV

---

**ZURICH AMERICAN INSURANCE COMPANY, Appellant**

**V.**

**MASTERWORKS DEVELOPMENT CO., LLC; CLUB QUARTERS MANAGEMENT COMPANY, L.L.C.; CLUB QUARTERS FRANCHISE NETWORK, L.L.C.; CLUB QUARTERS MEMBERSHIP NETWORK, L.L.C.; CEDAR & WASHINGTON ASSOCIATES, LLC; 11 WEST 51 REALTY LLC; 451 LEXINGTON REALTY LLC; NORTHUMBERLAND HOUSE LIMITED; KINGSWAY LIF HOLDINGS LIMITED; MICHIGAN WACKER ASSOCIATES L.L.C.; FANNIN & RUSK ASSOCIATES, L.P.; URBAN LIFESTYLE MANAGEMENT, LLC; PTH 40 ASSOCIATES, LLC; MIDTOWN SOUTH OWNER, LLC, Appellees**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-12251**

---

## MEMORANDUM OPINION

Appellant Zurich American Insurance Company ("Zurich") appeals the denial of its special appearance in the lawsuit filed by appellees Masterworks

Development Co., LLC; Club Quarters Management Company, L.L.C.; Club Quarters Franchise Network, L.L.C.; Club Quarters Membership Network, L.L.C.; Cedar & Washington Associates, LLC; 11 West 51 Realty LLC; 451 Lexington Realty LLC; Northumberland House Limited; Kingsway LIF Holdings Limited; Michigan Wacker Associates, L.L.C.; Fannin & Rusk Associates, L.P.; Urban Lifestyle Management, L.L.C.; PTH 40 Associates, LLC; and Midtown South Owner, LLC. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(7). In four issues, Zurich argues the trial court erred when it found and concluded: (1) it had general jurisdiction over Zurich, despite appellees' admission that general jurisdiction is inapplicable to Zurich in this case; (2) Texas had general jurisdiction over Zurich when Zurich is not "at home" in Texas because it is a foreign insurer incorporated in New York; (3) Texas has specific jurisdiction over Zurich because the operative facts of the litigation do not arise from or relate to any actions by Zurich in Texas; and (4) a provision in the insurance contract created personal jurisdiction over Zurich in Texas. We affirm.

## I.    BACKGROUND

Zurich issued insurance policies held by appellees. After Zurich denied appellees' claims under the policies, appellees filed suit against Zurich on March 3, 2021, asserting claims for declaratory judgment and breach of contract. On May 11, 2021, Zurich filed a special appearance challenging the trial court's personal jurisdiction over it. On July 20, 2021, Zurich filed a motion to dismiss for forum non conveniens subject to its special appearance.

On September 22, 2021, the trial court granted Zurich's request for a hearing on its motion to dismiss at 11:45 a.m. on October 18, 2021, and the trial court also granted Zurich's request for a hearing on its special appearance at 12:00 p.m. on the same day. On September 22, 2021, Zurich argued its motion to dismiss, and the

2

trial court denied it. Following this ruling, Zurich argued its special appearance, which the trial court also denied. This interlocutory appeal followed. *See id.*

## II. DISCUSSION

In four issues, Zurich argues on appeal that the trial court erred when it denied its special appearance. For the reasons discussed below, we conclude that Zurich consented to the trial court's personal jurisdiction over it and waived its special appearance.

### A. STANDARD OF REVIEW & APPLICABLE LAW

Whether a court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). The plaintiff bears the initial burden of pleading allegations sufficient to confer jurisdiction. *Luciano v. SprayFoamProducts.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021). The burden then shifts to the defendant to negate all bases of jurisdiction in the allegations. *Id.* Because the plaintiff defines the scope and nature of the lawsuit, the defendant's corresponding burden to negate jurisdiction is tied to the allegations in the plaintiff's pleading. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010).

> The defendant can negate jurisdiction on either a factual or legal basis. Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations. The plaintiff can then respond with its own evidence that affirms its allegations, and it risks dismissal of its lawsuit if it cannot present the trial court with evidence establishing personal jurisdiction. Legally, the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction . . . .

*Id.* at 659 (footnotes omitted).

A court must have personal jurisdiction over the parties to issue a binding judgment. *Luciano*, 625 S.W.3d at 7–8. "A defendant's contacts with the forum

3

can give rise to either general or specific jurisdiction." *Id.* at 8 (citing *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010)). Additionally, challenges to personal jurisdiction are waivable, and "there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court." *Global Paragon Dall., LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 611 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (quoting *Conner v. ContiCarriers & Terminals, Inc.*, 944 S.W.2d 405, 415 (Tex. App.—Houston [14th Dist.] 1997, no writ)).

When a party makes a general appearance, the party is considered to have consented to the personal jurisdiction of the trial court and to have effectively waived any complaint as to personal jurisdiction. *Adeleye v. Driscal*, 544 S.W.3d 467, 476 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Trenz v. Peter Paul Petrol. Co.*, 388 S.W.3d 796, 800 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see Global Paragon Dall.*, 448 S.W.3d at 611. A party enters a general appearance and therefore consents to personal jurisdiction when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998); *Global Paragon Dall.*, 448 S.W.3d at 611 (citing *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam)); *see* Tex. R. Civ. P. 120a ("Every appearance, prior to judgment, not in compliance with this rule is a general appearance.").

When challenging personal jurisdiction, the defendant must file a special appearance before any other pleading or motion. Tex. R. Civ. P. 120a(1). If the party files a pleading or motion before filing a special appearance, then the party waives any challenge to the personal jurisdiction of the trial court and enters a general appearance. *See Nationwide Distrib. Servs., Inc. v. Jones*, 496 S.W.3d 221,

224 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also Komerica Post, LLC v. Byun*, No. 14-19-00764-CV, 2021 WL 1804512, at * 3 (Tex. App.—Houston [14th Dist.] May 6, 2021, no pet.) (mem. op.).

Finally, a special appearance must be heard and determined before a motion to transfer venue or any other pleading or motion. *See* Tex. R. Civ. P. 120a(2); *Nationwide Distrib. Servs. v. Jones*, 496 S.W.3d 221, 224 (Tex. App.—Houston [1st Dist.] 2016, no pet.). If a defendant obtains a hearing on a motion that seeks affirmative relief unrelated to the special appearance before it obtains a hearing and ruling on the special appearance, then the defendant has entered a general appearance and has waived any challenge to personal jurisdiction. *Global Paragon Dallas, LLC*, 448 S.W.3d at 612; *Trenz*, 388 S.W.3d at 802; *see* Tex. R. Civ. P. 120a(2); *Shapolsky v. Brewton*, 56 S.W.3d 120, 140 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("A party contesting jurisdiction must not seek affirmative relief on any question other than that of the court's jurisdiction before the special appearance is determined.").

## B.   ANALYSIS

Here, Zurich requested and obtained a hearing on its motion to dismiss prior to a hearing on its special appearance. Zurich then argued and obtained a ruling on its motion to dismiss before it did so on its special appearance. In doing so, Zurich made a general appearance and consented to the personal jurisdiction of the trial court because the motion to dismiss invoked the judgment of the court on any question other than the court's jurisdiction and sought affirmative action from the court. *See Global Paragon Dall.*, 448 S.W.3d at 611. Because Zurich made a general appearance before obtaining a ruling on its special appearance, we conclude that Zurich consented to the trial court's jurisdiction and waived any challenge to personal jurisdiction. *See id.*; *Trenz*, 388 S.W.3d at 802.

Zurich argues that its special appearance and its forum non conveniens motions were intertwined such that hearing the forum non conveniens motion first did not waive its special appearance, citing *First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). While it is correct that obtaining a ruling on some issues, such as a motion to continue the hearing on the special appearance, will not waive the special appearance, see *Dawson-Austin*, 968 S.W.2d at 323, a party must not "request affirmative relief inconsistent with . . . the assertion that the district court lacked jurisdiction." *Id.* A forum non conveniens motion, however, assumes that the trial court has jurisdiction but it would be more convenient to litigate the case elsewhere. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993) ("Before a court may invoke forum non conveniens, the court must find it has jurisdiction over the defendant."). Here, arguing and seeking a ruling on forum non conveniens is inconsistent with the special appearance. *Dawson-Austin*, 968 S.W.2d at 323.

Zurich argues in its reply brief that appellees waived the issue of waiver of Zurich's special appearance because appellees failed to argue at the trial court that Zurich waived its special appearance. Appellees were not required to advance this argument because, as we concluded, Zurich itself consented to the jurisdiction of the trial court. *See* Tex. R. Civ. P. 120a(2); *Global Paragon Dall.*, 448 S.W.3d at 611; *Trenz*, 388 S.W.3d at 802; *Shapolsky*, 56 S.W.3d at 140. Additionally, the Texas Rules of Appellate Procedure place the burden to preserve error on the appellant, not the appellee. *See* Tex. R. App. P. 33.1(a). Three cases cited by Zurich in support of its waiver argument all concern the waiver of argument by the appellant resulting from the appellant's failure to object at the trial court. *See PCC Sterom, S.A. v. Yuma Exploration Prod. Co.*, No. 01-06-00414-CV, 2006 WL 2864478, at *2 (Tex. App.—Houston [1st Dist.] Oct. 5, 2006, no pet.); *Int'l*

6

*Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 808 (Tex. App.—Fort Worth 1994, writ denied); *Fountain v. Burkland*, No. 03-01-00380-CV, 2001 WL 1584011, at *3 (Tex. App.—Austin Dec. 13, 2001, pet. denied) (mem. op.). The other case cited by Zurich addresses defects in a special-appearance affidavit, which can be cured by amendment. *See Grupo TMM, S.A.B. v. Perez*, 327 S.W.3d 357, 361 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Dawson-Austin*, 968 S.W.2d at 322). Because a party is afforded the opportunity to cure defects in a special appearance affidavit in the trial court, the denial of a special appearance may not be affirmed on appeal based on defects that were not identified at the trial court. *See id.*[1]

We overrule Zurich's four issues on appeal.

---

[1] Finally, Zurich argues that "courts frequently find that resolving forum non conveniens motions before the personal jurisdiction motion makes sense." This is because forum non conveniens is a non-merits basis for dismissing a case. *See Vinmar Trade Fin., Inc. v. Utility Trailers de Mex., S.A. de C.V.*, 336 S.W.3d 664, 671–72 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[C]ertain non-merits, non-jurisdictional issues may be addressed preliminarily, because 'jurisdiction is vital only if the court proposes to issue a judgment on the merits.'" (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007))). While it is true that a court may dismiss a cause of action based on the doctrine of forum non conveniens before ruling on a special appearance and determining it has personal and subject matter jurisdiction, *see, e.g.*, *id.*, the law in Texas remains that a party waives challenges to personal jurisdiction and consents to the jurisdiction of the trial court when it makes a general appearance. *See Global Paragon Dall.*, 448 S.W.3d at 611. A party makes a general appearance any time it seeks affirmative action from the court, which Zurich did here when it argued its forum non conveniens motion before arguing its special appearance. *See Dawson-Austin*, 968 S.W.2d at 323; Tex. R. Civ. P. 120a.

## III. CONCLUSION

We affirm the trial court's order.

/s/ Margaret "Meg" Poissant
   Justice

Panel consists of Justices Spain, Poissant, and Wilson.