**Affirmed and Memorandum Opinion filed February 23, 2023.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-21-00426-CV

---

### PRIEUR LEARY III, Appellant

### V.

### COINMINT LIVING TRUST AND ASHTON SONIAT, Appellees

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-51173**

---

## MEMORANDUM OPINION

Appellant Prieur Leary III appeals from an interlocutory order denying his motion to dismiss filed pursuant to the Texas Citizens Participation Act ("TCPA"). Tex. Civ. Prac. & Rem. Code § 27.001, et seq. Because Leary failed to challenge every ground on which the trial court may have based its ruling, we affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Leary is president and manager of Mintvest Capital, LTD ("Mintvest").

Appellee Ashton Soniat ("Soniat") is a trustee for and manages appellee Coinmint Living Trust, LLC, ("CLT").

The two childhood friends, Leary and Soniat, formed a company together in the business of cryptocurrency mining. The company, Coinmint, LLC, was formed on August 22, 2016, and comprised of two members, Mintvest and CLT. Each member designated a manager–CLT designated itself and Mintvest designated Leary. Leary signed the Coinmint operating agreement in his individual capacity as Mintvest's manager.

On December 5, 2019, Coinmint and CLT filed suit in Harris County district court against Leary based on allegations arising from the Coinmint operating agreement and the management and the business of Coinmint.[1]

In August 2020, Mintvest brought its own Harris County lawsuit (the underlying suit) against CLT and Soniat. Mintvest asserts claims for breach of contract, breach of fiduciary duty, conversion, and fraud based on allegations arising from the Coinmint's operating agreement and the business of Coinmint.

October 1, 2020, CLT and Soniat filed their first amended answer and counterclaim against Mintvest and Leary based on factual allegations that Leary breached the operating agreement in various ways. CLT and Soniat also included counterclaims for breach of fiduciary duty, common law fraud, conversion, money had and received, unjust enrichment, Texas Theft Liability Act, Texas Uniform Trade Secrets Act, Federal Defend Trade Secrets Act, and tortious interference with a business relationship. CLT and Soniat also sought a declaratory judgment that Leary owed a fiduciary duty to Coinmint outside of the contract and sought

---

[1] Leary filed a special appearance in that case which the trial court denied. Earlier this year we affirmed that order. *Leary v. Coinmint, LLC*, No. 14-20-00375-CV, 2022 WL 1498197, at \*5 (Tex. App.—Houston [14th Dist.] May 12, 2022, no pet.).

temporary injunctive relief based on Leary's alleged breaches of contractual obligations under the operating agreement and fiduciary duties. The first amended petition also contained a certificate of service indicating service to "counsel of record by notice of electronic filing on October 1, 2020."

Nearly five months later, on March 30, 2021, Leary filed a combined special appearance and motion to dismiss under the TCPA. The special appearance alleges that the court lacks jurisdiction over all the counterclaims asserted against Leary and the motion to dismiss targets all but the common law fraud counterclaims asserted by CLT and Soniat.

On July 2, 2021, after permitting discovery on the TCPA motion, the trial court held a hearing on the motion. Less than two weeks later Leary filed a notice of appeal contending that the trial court orally denied the TCPA motion at the July hearing. [2] The motion was denied by operation of law on August 2, 2021,[3] and two days later the trial court signed an order denying Leary's TCPA motion to dismiss and awarding $50,799.61 in attorneys' fees to CLT and Soniat. There is no record from the hearing and no signed order granting or denying Leary's special appearance.[4]

Leary appeals the trial court's interlocutory order denying his motion to dismiss. Tex. Civ. Prac. & Rem. Code § 51.014(a)(12).

---

[2] There is no reporter's record of the July 2 hearing, and thus we do not know whether the motion was orally denied or not. As a result, we do not assume that the motion was orally denied on July 2.

[3] If there was no ruling on the motion to dismiss within 30 days of the hearing, then the motion is denied by operation of law. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a).

[4] If the TCPA motion to dismiss was not denied until August 2, then appellant's notice of appeal was premature. However, the premature notice was deemed filed and became effective on August 2, immediately after the motion was denied by operation of law. Tex. R. App. P. 27.1(a).

## II. ISSUES RAISED ON APPEAL

Leary's notice of appeal seeks to appeal the trial court's order denying his motion to dismiss under the TCPA. Roman numeral "I" of appellant's brief begins, however, with a discussion of laws applicable to an analysis of personal jurisdiction, followed by argument to support this contention –"The State of Texas does not possess personal jurisdiction over me in the extant matter"– and concludes with the assertion, "the pending action against me should properly be dismissed for a lack of personal jurisdiction, thereby leading to the reversal of the Trial Court's prior Order." While his brief arguably could be construed to assign error to an order denying a challenge to personal jurisdiction, because no such order on personal jurisdiction exists in the underlying case, and the court did rule on appellant's TCPA motion, we conclude that Leary failed to preserve error on the issue in the underlying case in violation of the due-order-of-hearing requirement and made a general appearance. *See Glob. Paragon Dallas, LLC v. SBM Realty, LLC*, 448 S.W.3d 607, 615 (Tex. App.—Houston [14th Dist.] 2014, no pet.).[5]

Roman numeral "II" of Leary's brief addresses the trial court's order denying his TCPA motion. Unlike his TCPA motion which broadly sought to dismiss *all but one of the counterclaims asserted against him* (common law fraud), his brief on appeal only challenges the trial court's denial of that motion with respect to one potential TCPA "legal action", which he refers to as "the gag order imposed on me" and "the court's decision to issue an injunction". In this section, Leary substantially discusses his own claims rather than any counterclaims

---

[5] Notably, the merits of Leary's issue have already been addressed by this court in the related action. Personal jurisdiction is proper over Leary for the reasons stated in our previous decision. *See also Leary v. Coinmint, LLC*, No. 14-20-00375-CV, 2022 WL 1498197, at *5 (Tex. App.—Houston [14th Dist.] May 12, 2022, no pet.).

asserted against him. Though Leary's brief pushes the margins of Rule 38.1(i), we liberally construe it against finding of waiver, and interpret his brief to challenge the trial court's TCPA denial with respect to CLT and Soniat's application for a temporary injunction. Tex. R. App. P. 38.1(i).

## II. LEARY'S MOTION TO DISMISS

As a threshold matter, the party moving to dismiss claims asserted against it must establish that the TCPA applies. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). To meet this burden, the movant must demonstrate that the legal action is based on or is in response to the movant's exercise of one or more of their rights to associate, speak freely, or petition. *Id.*[6] If the movant meets its initial burden, the burden shifts to the claimant either to establish by a preponderance of the evidence that the legal action is exempt from the Act, or to establish by "clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c); *Bair Hilty, P.C. v. J.B. Hunt Transp., Inc.*, No. 14-20-00659-CV, 2022 WL 1416661, at *2 (Tex. App.—Houston [14th Dist.] May 5, 2022, no pet.). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish as a matter of law any valid affirmative defense. Tex. Civ. Prac. & Rem. Code § 27.005(d).

Whether the parties have met these respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 373 (Tex. 2019).

Given the state of the record, the arguments supporting and opposing the motion raised in the trial court, the trial court could have denied Leary's TCPA

---

[6] Although all claims subject to the motion were filed after the 2019 TCPA amendments, Leary has relied incorrectly on the applicability of the prior version, including the less restrictive standard that includes "relates to" in the definition of Tex. Civ. Prac. & Rem. Code § 27.005(b).

motion on any of three grounds: (1) Leary failed to show by a preponderance of the evidence that CLT and Soniat's claims for temporary injunction are based on or in response to Leary's exercise of the right of free speech or right to petition; (2) CLT and Soniat established by a preponderance of the evidence that its claims fall within the TCPA's commercial-speech exemption or the exemption for legal actions arising from an "officer-director. . .relationship . . . to recover for misappropriation of trade secrets and corporate opportunities"; or (3) CLT and Soniat established by clear and specific evidence a prima facie case for each element of its application for temporary injunction.

We recently observed in the context of a TCPA motion to dismiss, that "if an appellant fails to challenge all possible grounds for a trial court's ruling, we must accept the validity of the unchallenged ground and affirm the adverse ruling." *Bair Hilty, P.C. v. J.B. Hunt Transp., Inc.*, No. 14-20-00659-CV, 2022 WL 1416661, at *2 (Tex. App.—Houston [14th Dist.] May 5, 2022, no pet.) citing *Equistar Chems., LP v. ClydeUnion DB, Ltd.*, 579 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). This rule equally applies to an appellant's failure to challenge the applicability of an exemption. *Bair Hilty, P.C. v. J.B. Hunt Transp., Inc.*, 2022 WL 1416661, at *2; *see also Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at *2 (Tex. App.—San Antonio Dec. 30, 2020, no pet.) (mem. op.).

On appeal, Leary only addressed the trial court's implicit ruling that CLT's and Soniat's claims for temporary injunction did not fall within the scope of the TCPA. Leary does not contend that CLT and Soniat failed to show that their claims fell within an exemption or that they failed to show clear and specific evidence of a prima facie case for each element of its action for temporary injunction. We cannot reasonably equate contentions in Leary's brief—that the

resulting injunction is a "violation of the TCPA" or that the injunction "prevents [him] from properly seeking redress for the harm committed against me"—as an attempt to address the court's other two implicit rulings. In light of Leary's failure to challenge the denial of his motion on the ground that the trial court implicitly concluded that one or more of the exemptions precluded application of the TCPA or that CLT and Soniat established a prima facie case, we overrule Leary's challenge to trial court's denial of his motion to dismiss.

## III. CONCLUSION

Having overruled each issue asserted by Leary, we affirm.


/s/    Randy Wilson
Justice

Panel consists of Justices Jewell, Spain, and Wilson.

7